Filed 5/22/19; Certified for Publication 6/12/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| UNITED GRAND CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MALIBU HILLBILLIES, LLC, et al.,<br><br>    Defendants and Respondents;<br><br>CYRUS SANAI,<br><br>    Objector and Appellant. | B283833<br><br>(Los Angeles County<br>Super. Ct. No. BC554172) |

    APPEAL from orders and a judgment of the Superior Court of Los Angeles County, Mark Borenstein, Edward B. Moreton, and David Sotelo, Judges.  Orders dismissed, judgment affirmed.
    Cyrus Sanai for Plaintiff and Appellant.
    Cyrus Sanai, in. pro. per., for Objector and Appellant.
    Cozen O'Connor, Erik L. Jackson and Nathan Dooley for Defendants and Respondents.
    D. Joshua Staub, in. pro. per., for Real Party in Interest.

———————————————

# INTRODUCTION

This is the fifth and presumably final appeal in a lawsuit which began in August 2014 as a garden variety commercial rent dispute. In brief, Malibu Hillbillies LLC did not pay rent to its landlord, appellant United Grand Corporation. United Grand filed a civil action to recover the overdue rent from Malibu Hillbillies and its guarantor, respondent Marcie Stollof. Although appellant United Grand Corporation sought less than $50,000 in unpaid rent and quickly obtained default judgments against its tenant, Malibu Hillbillies LLC, and guarantor Stollof, in the year and a half following the default judgment, United Grand sought almost $2 million in attorney fees for its efforts to enforce the judgment against respondent Marcie Stollof.

Early on in the life of this lawsuit, the trial court vacated the default judgment against Stollof only and set the matter for trial as to Stollof only. Nonetheless, while awaiting trial on the complaint against her, she deposited the unpaid rent and accrued interest with the Los Angeles Superior Court. United Grand took the money. Upon learning of the payment, the trial court vacated the trial date, found that United Grand had engaged in extensive misconduct throughout the duration of this action and imposed a terminating sanction striking from the complaint United Grand's prayer for attorney fees. This was, however, only a partial sanction, as the trial court also entered judgment in favor of United Grand and against Stollof in the amount of the unpaid rent and accrued interest she had already paid and United Grand had already received.

United Grand and its attorney Cyrus Sanai appeal from the judgment striking the prayer for attorney fees. They also state they are appealing from an order dissolving an injunction,

sanctions orders against Sanai of less than $5000 and an order denying attorney fees on appeal. While United Grand's statement of appealability is clear and supported by relevant legal citations, the same cannot be said for its discussion of those issues.

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) United Grand has failed to meet this requirement for most of the issues it raises. As set out below, many of its claims are forfeited. (*Ibid*.) The few cognizable isolated claims of error are meritless. We affirm the judgment of dismissal, the order dissolving the injunction and the order denying attorney fees on appeal.

The sanctions identified in the statement of appealability are owed by United Grand's attorney Cyrus Sanai to Stollof's counsel Joshua Staub. Staub, who is a real party in interest as to the sanctions orders, has moved to dismiss the appeal from the sanctions orders under the disentitlement doctrine, as Sanai has been found in contempt of court for failing to pay those sanctions and he is the subject of an outstanding bench warrant. We dismiss the appeal from the sanctions orders.

BACKGROUND

In August 2014, United Grand began this action by filing a form complaint alleging Malibu Hillbillies breached its commercial lease with United Grand and Stollof breached her guaranty agreement. United Grand sought unpaid rent in the amount of $46,395.86, attorney fees, and costs. United Grand quickly obtained default judgments against Malibu Hillbillies and Stollof. On April 13, 2015, Judge Rosenblatt entered

3

judgment in the amount of $67,852.55 against Malibu Hillbillies and Stollof "jointly and severally." The total amount of the amended judgment filed May 6, 2015, included $21,120 in attorney fees through February 11, 2015 and $955.00 in costs.

The next three years of this action involved four appeals and one petition for writ of habeas corpus, but little discovery and no trial. Rather, almost all the proceedings involved disputes over attorney fees in one form or another.

After entry of judgment United Grand focused its collection efforts on Stollof, who resided in Maryland. Despite the essentially uncontested nature of the case, United Grand's attorney Cyrus Sanai continued to generate a large amount of attorney fees on the case. On April 29, 2015, United Grand executed a Memorandum of Costs seeking $25,380 for post-judgment attorney fees from February 11 to April 29, 2015.

United Grand enrolled its judgment in Maryland on May 29, 2015.

In a second memorandum of costs filed June 2, 2015, United Grand sought an additional $41,030.20 in attorney fees for a one-month period. Thus, within six weeks of the April 13 judgment, United Grand sought $66,410.20 in post-judgment attorney fees for enforcement of a $67,852.55 judgment.

In July 2015, Stollof tried to settle the case by offering to pay the amount of the April 13, 2015 judgment. United Grand refused the offer. United Grand's attorney Sanai explained his view of the litigation in the letter refusing the offer: "What your client did not realize was that once judgment was entered, unopposed requests for post-judgment attorney fees would be rubber-stamped, and that myself and Maryland counsel could, if we took post-judgment fees on contingency, obtain a multiplier on

4

our lodestone rates." United Grand's counter-proposal was that Stollof pay $255,318.59.

Concurrently with United Grand's July 2015 settlement proposal, United Grand served a third memorandum of costs seeking $107,768.95 in attorney fees for the period June 3 through July 14, 2015. Thus, in less than a year after filing this essentially uncontested lawsuit, United Grand sought $195,299.15 in attorney fees, which totaled four times the amount of the unpaid rent which the lawsuit has been brought to recover.

Faced with this disproportionately large demand for attorney fees, Stollof elected to move to set aside the default judgment against her. While her motion was pending, Stollof also moved to tax costs. By the time she filed the motion on August 13, 2015, United Grand had filed a fourth memorandum of costs seeking $159,939.27 for a total of $355,238.42 in attorney fees for more than 125 hours of work. In November 2015, Judge Borenstein awarded reduced attorney fees of $7,000 for 14.5 hours of work and costs of $240.

United Grand also pressed on with some post-judgment discovery, and in October 2015 it obtained discovery sanctions against Stollof in the amount of $2,500. Stollof promptly paid the sanctions.

On December 24, 2015, Judge Rosenblatt granted Stollof's motion to set aside the default judgment against her. Malibu Hillbillies also moved to set aside the default judgment against it, but that motion was denied. United Grand appealed the trial court's order granting Stollof's motion and Malibu Hillbillies appealed the order denying its motion. (B268544 & B270076) Neither appeal was successful. The next step should have been

to try the action against Stollof and to enforce the default judgment against Malibu Hillbillies.

By March 2016, United Grand had not filed a "code compliant" acknowledgement of satisfaction of judgment for the discovery sanctions Stollof had paid in October 2015. Stollof filed a motion to compel United Grand to file such an acknowledgement. The trial court granted the motion and ordered United Grand to file a "code compliant" acknowledgement by May 6, 2016. The court also ordered United Grand's attorney Sanai to pay Stollof's counsel Joshua Staub attorney fees in the amount of $500 by June 1, 2016. This order was later amended nunc pro tunc to require United Grand, not Sanai, to pay the fees.

On May 4, 2016, United Grand filed a noncompliant acknowledgement. Stollof filed a request to show cause initiating indirect contempt proceedings against United Grand. On May 24, United Grand again filed a noncompliant acknowledgement. The court signed the order to show cause (OSC) and directed United Grand to explain why it should not be adjudged in contempt of court for failing to file a code-compliant acknowledgement.

While the dispute over the acknowledgement dragged on, Stollof again attempted to resolve the dispute with United Grand. Among other options, Stollof suggested transferring the funds she had deposited in the Maryland Court to the Los Angeles Superior Court. United Grand rejected Stollof's April 2016 and May 2016 offers. On August 1, 2016, Stollof filed a motion to deposit $56,705, representing the full amount of unpaid rent plus interest through May 2016, with the Los Angeles Superior Court. The court granted the motion and Stollof deposited the funds.

United Grand remained focused on the contempt proceedings for the noncompliant acknowledgement. On August 15, 2016, United Grand filed a motion to vacate the OSC re contempt and dismiss the contempt proceedings. The trial court denied the motion and set a trial date on the OSC of January 18, 2017. On October 7, United Grand filed a notice of appeal in case No. B279215 purporting to appeal from the various orders related to the filing of the acknowledgement of satisfaction. Relying on the pendency of its appeal, United Grand filed a series of unsuccessful applications for stays of pending contempt proceedings in the trial court.[1] On December 1, 2016, Judge Borenstein granted a stay of the contempt proceedings until January 5, 2017, to permit Stollof and Staub to seek dismissal of United Grand's appeal from the Court of Appeal. (It was later dismissed on July 13, 2018 under the disentitlement doctrine.)

In the midst of these attempts to stay the contempt trial, on November 23, 2016, United Grand withdrew the $56,705 Stollof had deposited with the Los Angeles Superior Court. United Grand's withdrawal of the funds caught the attention of Judge Sotelo in Department 40, where the complaint against Stollof had been sent for trial. Judge Sotelo wondered if United Grand's withdrawal of funds meant the case was "no longer at issue." In mid-December, Judge Sotelo issued an OSC why the complaint should not be stricken as to Stollof. The hearing on the OSC was set for the morning of January 5, 2017. The trial court "vacated the trial date and asked counsel for suggestions on how to

---

[1] These attempts would ultimately result in new sanctions against Sanai and a finding of contempt related to his actions in seeking a stay.

7

proceed." Judge Sotelo later stated he was unaware of the pending contempt proceedings in Department 44.

On December 30, 2016, we deferred the motion to dismiss the appeal in B279215 to the panel. That same day, United Grand gave e-mail notice that it intended to apply ex parte on January 5, 2017 at 8:30 a.m. in Department 44 for a stay of the contempt proceedings, the same date and time set for the hearing on Judge Sotelo's order concerning dismissal of the complaint in Department 40. An ex parte application for a stay was filed; it included a request for sanctions.

On January 5, Judge Lu, sitting temporarily in Department 44 in Judge Borenstein's absence, granted United Grand a stay of the contempt trial until January 11, and ordered United Grand to appear on that date and "address any further stay with the Honorable Mark Borenstein." Activity proceeded in Department 40 on January 5 as well: Judge Sotelo set a hearing date of February 6, 2017 for the OSC re dismissal.

Upon his return to court, Judge Borenstein continued the ex parte application for a stay and sanctions to January 13, 2017. On January 12, 2017, Stollof filed an opposition to the January 5, 2017 application, and she requested sanctions. On January 13, 2017, Judge Borenstein issued an OSC directing attorney Sanai to appear on February 2, 2017 and show cause why he should not be ordered to pay "defendant's reasonable attorney fees for the ex part[e] application and request for sanctions filed on January 5, 2017."

At the hearing on the OSC on February 2, 2017, Judge Borenstein ordered Sanai to pay $3,600 in attorney fees to Staub, Stollof's counsel, pursuant to Code of Civil Procedure section 128.5, subdivision (c), and to pay a "penalty" of $1,000 to the

8

court pursuant to Code of Civil Procedure Section 128.7, subdivision (d). On February 22, 2017, Judge Borenstein issued an order which states: "The Court finds that no reasonable attorney would have sought over $48,000 of sanctions as Cyrus Mark Sanai did in the Ex Parte Application."

On February 6, 2017, Judge Sotelo held a hearing on the OSC re dismissal of the complaint and took the matter under submission.

On March 8, 2017, United Grand filed a written motion to reconsider Judge Borenstein's February 22, 2017 sanctions order.

On March 17, 2017, Judge Sotelo issued his ruling on the OSC re dismissal of the complaint. The court noted that it had "attempted to understand what rational, reasonable, or common sense and legal reasons hinder the closure of this no longer 'at issue' litigation. Other than the typical post-judgment questions of costs, post-judgment interest, and <u>reasonable attorney fees</u>, there is nothing left to dispute. [¶] In reviewing the case files, what stands out, what appears most telling, is a [July 15, 2015] declaration Mr. Sanai submitted, stating that his 'former client' paid him for services rendered only up to obtaining a judgment and his handling of the 'enforcement stage of the case' was on contingency: 'I have agreed that my compensation for attorney's fees will be limited to the amounts awarded by this Court and actually recovered . . . .' " The court noted that United Grand and its counsel Sanai had sought "close to $2 million" in attorney fees by that point.

Turning to the appropriate disposition of the case, the court noted "Defendant's counsel [has] listed, in detail, dozens of actions taken by Plaintiff, Mr. Sanai, or both that constitute pervasive misconduct. Counsel [has] asked the court to exercise

9

[*sic*] its inherent powers of dismissal under [Code of Civil Procedure] section 581, subdivision (m)." The court considered "simply entering a judgment for Plaintiff against Stollof in the amount already collected by Plaintiff, then determining reasonable costs and attorney fees, as would be the 'normal course.' " Ultimately, however, the court determined that through "Plaintiff's and Mr. Sanai's misconduct, [the case] has lost its essential character" and that "Mr. Sanai's use of law and his abuse of court procedure has not been for the legitimate purpose of his client's claim." The court noted that it had the inherent authority to dismiss the case, but "[r]ather than terminate this litigation (as to Stollof) for the deliberate and egregious misconduct by Plaintiff or Plaintiff's lawyer, or both, this court has come to the conclusion that it can adequately restore common sense and fairness in this clearly 'extreme situation' by imposing a significant sanction less than full or total dismissal, although full dismissal would not be [*sic*] improper."

The court entered "judgment in favor of Plaintiff United Grand Corporation, against Defendant Marcie Stollof, in the amount of $56,705.00." The court also exercised "its inherent discretionary authority and strikes and dismisses Plaintiff's request and prayer for attorney fees against Defendant Marcie Stollof based on the finding that Plaintiff and or Mr. Sanai engaged in pervasive misconduct." The court concluded, "THIS ACTION THEN, IS A PARTIAL 'TERMINATING SANCTION' UNDER [CODE OF CIVL PROCEDURE] SECTION [581], SUBDIVISION (m). Since the court has the authority to strike or dismiss this matter in its entirety, it therefore has the authority to strike and dismiss Plaintiff's attorney fees request."

10

On March 29, 2017, United Grand moved ex parte to stay the dismissal order. It was promptly denied on the merits. On April 11, 2017, Judge Sotelo filed an order and judgment of dismissal. United Grand moved for a new trial.

On May 3, 2017, a hearing was held on Sanai's motion to reconsider the February sanctions order against him totaling $4,600. Judge Borenstein denied the motion on the ground that Sanai had failed to show new or different facts. On June 2, 2017 Sanai filed a notice of appeal of the February 22, 2017 order in case No. B282942.

On June 8, 2017, Staub, to whom the $4,600 in sanctions was to be paid, began proceedings to enforce the February sanctions orders. He obtained an order for Sanai to appear at a judgment debtor examination set for August 14, 2017.

On July 12, 2017, United Grand and Sanai filed a notice of appeal in this case, B283833, which challenges the final judgment and the February 2017 sanctions orders. Nonetheless proceedings related to the sanctions continued in the trial court.

Sanai failed to appear for his scheduled judgment debtor examination. The court issued a bench warrant which was held until September 29, 2017.

On September 28, 2017, United Grand filed a petition for writ of supersedeas and stay in this court seeking to stay enforcement of the February 22, 2017 sanctions orders and "the September 29, 2017 show cause and debtor proceedings." We denied the petition/request for stay the next day, September 29, 2017.

Judgment debtor proceedings in the trial court were then continued several times, until November 29, 2017. On that date, when the matter was called for hearing, Sanai refused to be

11

sworn for the examination. "The court warns judgment debtor of direct contempt for refusal to move forward with the exam." The matter was transferred to Judge Borenstein (then in Dept. 35). A December 7, 2017 hearing was set for an OSC "to determine whether actual cause will issue." The OSC was continued to December 15, 2017. On December 18, 2017 the court issued an order for Sanai to appear on January 30, 2018 and show cause why he should not be held in contempt for failing to comply with the Court's sanctions orders of February 2, 2017 and February 22, 2107. The court issued a separate order on December 18 ordering Sanai to show cause why he should not be sanctioned for failing to comply with the February 2017 orders.

On January 2, 2018, we issued an order dismissing the appeal in B282942 on the ground that the January and February 2017 orders were not directly or separately appealable. We denied United Grand/Sanai's motion to consolidate the appeal with the instant appeal.

On January 30, 2018, Judge Borenstein found "that Cyrus Sanai has willfully failed to pay by 3-1-2017, the sanctions under CCP 177.5 and attorney fees pursuant to the order dated February 22, 2017. [¶] The Court orders Cyrus Sanai to pay sanctions pursuant to CCP 177.5 in the amount of $1,500 to the clerk of the court no later than 2-28-2018. [¶] . . . [¶ The examination of Judgment Debtor Cyrus Sanai is continued to March 21, 2018." The court arraigned Sanai on the contempt charge and set a contempt trial date of March 21, 2018.

The sanctions proceedings continued. On March 21, 2018, Judge Borenstein held a trial on the contempt charge and found Sanai guilty. Sentencing was set for March 26, 2018. Sanai was released on his own recognizance.

On March 26, 2018, the court pronounced sentence on the contempt verdict: "Mr. Sanai shall be imprisoned in the Los Angeles County jail until he performs the acts specified in the Court's orders dated February 2 and February 22, 2017; and [¶] 2. Pursuant to Civil Procedure Code §1218(a), Mr. Sanai shall pay to D. Joshua Staub reasonable attorneys' fees and costs incurred in connection with the contempt proceedings. [¶] 3. Execution of this sentence is stayed until 4 pm on April 13, 2018, at which time Mr. Sanai shall surrender at the Inmate Reception Center at the Los Angeles County Jail, until a further stay is granted."

On April 12, 2018, in this court Sanai filed a "Petition for writ of mandate, habeas corpus or other appropriate relief." (B289357) On April 23, 2018, we denied Sanai's request to stay the trial court's March 26, 2018 order sentencing Sanai for contempt of court. On March 4, 2019, under the disentitlement doctrine we denied the petition which challenged both the underlying February 2017 sanctions orders and the contempt proceedings.

## DISCUSSION

Throughout its opening and reply briefs, United Grand has repeatedly disparaged the trial court judges and the quality of their legal work. To give just one example, United Grand has characterized Judge Sotelo's findings as "gibberish" and "legal nonsense." Not only is such disparagement inappropriate, it is ineffective. Name-calling and ridicule are not cogent legal arguments. We do not repeat or consider these inappropriate and irrelevant remarks.

The remainder of United Grand's briefs are not sufficient to show error. United Grand has not provided the required

13

separate headings for many of the points it raises in its brief, resulting in a disorganized and at times unintelligible legal discussion. (Cal. Rules of Court, rule 8.204(a)(1)(B) [party's brief must "[s]tate each point under a separate heading or subheading, . . . and support each point by argument and, if possible, by citation of authority"].) Appropriate headings require litigants to " 'present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citation.]" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn 4.) Although we exercise our discretion to consider those issues we can discern in United Grand's unsystematic and often incoherent arguments, there are times when it is simply not possible for us to understand what United Grand is arguing. Any arguments not discussed in this opinion are deemed forfeited. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."].)

United Grand has also failed to support many of its points with cogent argument, legal authority or specific citations to the record on appeal. Further, parts of the briefs appear to consist of only partially successful attempts to cut and paste text from previous briefs. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at pp. 286–287.) Although we exercise our discretion to consider arguments for which we can discern a legal or factual basis in the briefs, there

are many instances when no such basis is apparent. "We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise." (*Opdyk v. California Horse Racing Bd.*, *supra*, 34 Cal.App.4th at pp. 1830-1831, fn. 4; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them."].) We may and do "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam, supra,* at p. 287.)

## I. UNITED GRAND HAS NOT SHOWN THE TRIAL COURT ERRED IN DISMISSING THE PRAYER FOR ATTORNEY FEES.

United Grand makes four arguments related to the propriety of Judge Sotelo's order of dismissal. He contends (1) there is no "legal reason" for the order; (2) the court lacked jurisdiction to make the order; (3) the court failed to provide adequate notice it intended to strike the prayer for attorney fees; and (4) it was error to deny United Grand contractual attorney fees. United Grand has forfeited almost all these claims; those claims which are not forfeited are meritless.

### A. United Grand Has Not Shown The Judgment Lacks Legal Support.

United Grand has entitled its first section: "This is The Unusual Situation Where a Trial Court Announced the Outcome it Wanted Without Having a Legal Reason for Getting There, Demonstrating Prejudice." This heading gives no indication of the jumble of arguments that are contained in the section that follows. We can discern five possible arguments within this

15

section:  (1) there is insufficient evidence to support the trial court's findings of misconduct; (2) the actions described are not misconduct; (3) the dismissal is improperly based on attorney misconduct alone; (4) the dismissal is improperly based on the trial court's hostility to awarding contingent fees with a multiplier; (5) collateral estoppel and issue preclusion bar a judgment based only on the amount of unpaid rent and interest. We consider those arguments to the extent possible below.  Any other arguments are deemed forfeited.  (*Pizarro v. Reynoso, supra,* 10 Cal.App.5th at p. 179.)  We are not "obliged to speculate about which issues counsel intend to raise."  (*Opdyk v. California Horse Racing Bd., supra,* 34 Cal.App.4th at pp. 1830-1831, fn. 4.)[2]

---

[2]     In the Statement of the Case section of its opening brief, United Grand argues that several of the statements in Judge Sotelo's order(s) to show cause were factually inaccurate. Arguments of error do not belong in a section entitled "Statement of the Case" and subtitled "Procedural History," particularly when a different section of the brief is labelled "Legal Discussion."  More importantly, an OSC "acts as a summons to appear in court on a certain day and, as its name suggests, to show cause why a certain thing should not be done."  (*Cedars-Sinai Imaging Medical Group v. Superior Court* (2000) 83 Cal.App.4th 1281, 1286.)  United Grand was free to argue the inaccuracy of the statements in the OSC at the hearing on the order.  United Grand does not explain the relevance of statements which appear in the OSC but not in the court's final order.  We see none.

16

### 1. *United Grand Ignores Most Of The Trial Court's Findings Of Misconduct And Fails To Provide Adequate Citations To Support The Claims It Does Make.*

United Grand contends the trial court's findings of fact in support of dismissal are "totally unsupported by substantial evidence" or do not identify actions which constitute misconduct. United Grand addresses only a portion of the summary of misconduct from the court's order of dismissal, responding only to the findings in the following paragraph: "The Defendant's list of misconduct includes the breach of the implied covenant of good faith through the outrageous demands of Plaintiff or Mr. Sanai, or both; Plaintiff or its lawyer's unreasonable refusal to give effect to Stollof's payment of funds into the Maryland Court; Plaintiff or its lawyer's failure to give effect to the payment of funds and their withdrawal from this Court; Plaintiffs or Plaintiffs lawyer's failure to respect Judge Michelle Rosenblatt's December 24, 2015 and January 18, 2016 orders vacating the judgment against Stollof and eight other failures to give notice when ordered; Plaintiffs or Plaintiff's lawyer's refusal to the immediate release of the $56,615 held in the Maryland Court, requiring Stollof [*sic*] to incur legal fees and cost to bring a motion; Plaintiff or Plaintiffs lawyer's refusal to agree to the transfer of the $68,418 held in Maryland and deposit of an additional $12,000 into this Court, again, requiring Stollof to bring a motion for deposit."

United Grand ignores the trial court's preface to this paragraph explaining that "In support of his motion, Defendant's counsel listed, in detail, dozens of actions taken by Plaintiff, Mr. Sanai, or both that constitute pervasive misconduct. Counsel

asked the court to exercise of its inherent powers of dismissal under [Code of Civil Procedure] section 581, subdivision (m)." United Grand also ignores the court's additional findings given in subsequent paragraphs that "The list of suggested misconduct consists of many additional actions and inactions by Plaintiff or Plaintiff's lawyer, or both, displaying contempt towards Judge Rosenblatt (who set aside the default), Judge Borenstein (assigned to the post-judgment collections processes of defaulted Defendant Malibu Hillbillies), and towards this Court.  [¶] Additionally, Defendant identifies vexatious conduct by Plaintiff or Plaintiff's lawyer, or both, including meritless statements of disqualification, petitions of writ of mandate, refusal to file acknowledgement of satisfaction, filing of motions when leave to file had been refused, as well as being cited for contempt and contemptuous courtroom conduct."

Even without the findings in the single paragraph identified and quoted by United Grand in his brief, there is ample evidence of misconduct in the paragraphs he ignores, particularly as set forth in detail in Stollof's supporting brief and Staub's declaration, both expressly incorporated by Judge Sotelo into his order.[3]  Thus, even if United Grand were correct in its criticisms of the findings in the single, summary paragraph it quotes and we disregarded those findings, reversal would not be warranted.

---

[3]     The court stated: "This court adopts the comprehensive summary of conduct by Plaintiff's lawyer, as listed in detail in Defendant Stollof's Brief in Support of Order Striking Complaint as to Defendant Marcie Stollof, filed January 27, 2017."

18

### a. *United Grand's Sufficiency of the Evidence Claim Is Forfeited.*

United Grand argues that the finding that it failed on eight occasions to give notice as ordered is "manifestly false" and that notice of all relevant order was given. The specific dates for non-notice are found in defendant's Brief In Support Of Order Striking Complaint As To Defendant Marcie Stollof and accompanying declaration. United Grand fails to provide record citations to support his claim that he gave notices on those dates, or that notice was not required.

An appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) " 'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) United Grand has forfeited this claim.

### b. *United Grand's Claim That Its Conduct Was Not Misconduct Is Forfeited.*

United Grand identified four instances of misconduct in Judge Sotelo's order which he claims are not improper conduct at all. United Grand has failed to adequately support these claims with cogent argument or appropriate legal or factual citations. Accordingly, they are all forfeited.

First, United Grand claims "the filing of an appeal challenging Judge Rosenblatt's orders was a procedural right," not misconduct. Judge Sotelo did not find the filing of an appeal to be misconduct. United Grand appears to be referring to Judge

19

Sotelo's finding that "Plaintiffs or Plaintiffs lawyer's failure to respect Judge Michelle Rosenblatt's December 24, 2015 and January 18, 2016 orders vacating the judgment against Stollof." As United Grand should know, this refers to its claim on February 8, 2016 that "Plaintiff has on January 19, 2016, and continues to have today, a fully enforceable judgment, which is enforceable against Stollof." United Grand made this claim in a declaration signed by Sanai and submitted to the Maryland court. United Grand does not explain how this claim made on February 8, 2016 was accurate in light of the trial court's vacatur of the default against Stollof on December 24, 2015. "We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise." (*Opdyk v. California Horse Racing Bd., supra,* 34 Cal.App.4th at pp. 1830-1831, fn. 4; *In re Marriage of Falcone & Fyke, supra,* 164 Cal.App.4th at p. 830.)

Second, United Grand also claims that it was not misconduct or unreasonable to refuse "to give effect to Stollof's payment of funds into the Maryland Court; Plaintiff or its lawyer's failure to give effect to the payment of funds and their withdrawal from this Court." United Grand contends the amount deposited in those courts was less than half the amount of its judgment and so it was not unreasonable to turn it down.[4] The

___

[4] United Grand has claimed at various times to have obtained a judgement of $137,315.22 against Stollof and Malibu Hillbillies. On or about August 12, 2015, Judge Rosenblatt appears to have granted an ex parte request from United Grand to add amounts of the April 30 and June 2, 2015 Memorandum of Costs to the judgment. The order stated "The Clerk of this Court is ordered upon presentation of this order to immediately, without any delay, excuse or other intervening act, enter onto the

quoted finding has no specific time reference, but Stollof clearly suggested disbursing the previously-deposited funds in the Maryland court after the judgment against her had been vacated. She deposited the funds in the California court after the judgment against her was vacated. Thus, United Grand's factual premise is faulty. "We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise." (*Opdyk v. California Horse Racing Bd., supra,* 34 Cal.App.4th at pp. 1830-1831, fn. 4; *In re Marriage of Falcone & Fyke, supra*, 164 Cal.App.4th at p. 830.)

Next, United Grand similarly claims that it was not misconduct to oppose Stollof's transfer of the funds in the Maryland court to a California court. United Grand did not

---

operative judgment" the additional amounts of $25,380.00 and $41,030.20. It is far from clear whether or when Sanai presented the order to the clerk and obtained an amended judgment. Sanai has provided a copy of what he claims is the amended judgment in a late-filed volume 4 of the appellant's appendix in this appeal. Disturbingly we have been unable to locate a reference to that document or the document itself in the trial court's docket.

Assuming for the sake of argument that United Grand did obtain such a judgment, its existence makes no material difference to our analysis on this appeal. Judge Rosenblatt set aside the default judgment against Stollof four months later, including the part of the judgment finding her jointly and severally liable with Malibu Hillbillies. To the extent that United Grand relies on this judgment to rationalize its rejection of Stollof's attempts to settle the case in the summer of 2015, that reliance is misplaced. In rejecting Stollof's settlement proposal, United Grand's counter-offer was for $255,000, almost twice the $137,315.22 judgment it claimed to possess.

21

provide any reason for opposing the transfer. United Grand simply contends it was "standing on rights granted pursuant to an injunction issued by Judge Borenstein in 2015" which continued in effect. United Grand has not provided a record cite for this injunction and so this claim is waived. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at p. 1246.)

Finally, in its reply brief, United Grand argues that Judge Sotelo's statement that United Grand committed post-judgment misconduct by breaching the "the implied covenant of good faith" is contrary to settled law. Because United Grand makes its claim of error concerning the covenant of good faith for the first time in its reply brief, we do not consider it.

"We will not ordinarily consider issues raised for the first time in a reply brief. [Citation.] An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue. [Citation.]" (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 275–276.)

### 2. *United Grand Has Not Shown Misapportionment Of Blame*

United Grand contends Judge Sotelo "laid the entire blame for the litigation conduct on appellant Sanai" and that dismissal of an action requires the fault to lie with the client alone. United Grand is incorrect both legally and factually.

United Grand relies on the following quote to support its claim: "Trial courts should only exercise this authority in extreme

situations, such as when the conduct was clear and deliberate, where no lesser alternatives would remedy the situation [citation], *the fault lies with the client and not the attorney* [citation], and when the court issues a directive that the party fails to obey." (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799, italics added.) This is simply a non-exclusive list of extreme situations which justify dismissal as a sanction. The court in *Del Junco* found both the party and her attorney were to blame: "When [Hufnagel] had counsel, things did not improve. . . . The actions of Hufnagel and her counsel were willful and deliberate, caused unnecessary delay, and wasted the trial court's resources. The actions caused Dr. Del Junco to incur unnecessary expense. Under these circumstances the trial court had the jurisdiction to strike Hufnagel's answer and enter default." (*Id*. at p. 800.)

The court in this case made the same finding of joint misconduct. The court's core reason for dismissal was that "Through Plaintiff's and Mr. Sanai's misconduct, [the case] has lost its essential character." The court repeatedly stated that misconduct was committed by "Plaintiff or Plaintiff's lawyer, or both." United Grand points to nothing in the record showing that Sanai was solely responsible for the extensive misconduct in this case. Further, given the length of this case and the number of appeals involved, it would be more than reasonable to infer that United Grand was deliberately indifferent to whether its litigation conduct was appropriate and it failed to adequately discuss with its counsel the conduct of the litigation. (See *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 743-744, 768.)

23

### 3. Sanai's Legal Work Did Not Warrant A Multiplier

United Grand contends generally that Judge Sotelo's ruling "demonstrates an absolute hostility to Plaintiff obtaining contingent fees with a multiplier." Based on the record before us, the only multiplier warranted in this case would be a negative one. (*Rogel v. Lynwood Redevelopment Agency* (2011) 194 Cal.App.4th 1319, 1330 [affirming negative multiplier "where the record showed that the prevailing parties' lawyer did little more than duplicate pleadings filed in related cases"]; *Thayer v. Wells Fargo Bank,* (2001) 92 Cal.App.4th 819, 834.)

To give just two examples of the quality of Sanai's legal work, he misspelled Stollof's name on a form complaint even though the correct spelling of her name appeared in documents attached as exhibits to the complaint. He later had to bring a motion to correct the judgment to reflect the correct spelling of her name. Sanai's first default judgment package for Malibu Hillbillies was rejected because it listed two agents for service of process. In granting Stollof's motion to tax costs, Judge Borenstein made it clear that he was unimpressed by not only the quality of Sanai's post-judgment work, but also the number of hours of work claimed. Sanai sought more than 125 hours for the 3.5 months after the entry of the default judgments; Judge Borenstein found only 14 hours were reasonable and necessary.

### 4. United Grand's Collateral Estoppel Claim Based On Stollof's Status As Guarantor Of Malibu Hillbillies Is Deemed Abandoned.

United Grand contends the dismissal of its prayer for attorney fees demonstrates a "fundamental misunderstanding of what was at issue." United Grand argues because the default

24

judgment against Malibu Hillbillies was never vacated, collateral estoppel and issue preclusion required that Stollof's answer be stricken or that she be required to pay the amount of the judgment against Malibu Hillbillies to satisfy her obligation as guarantor. United Grand maintains that Stollof could not satisfy her obligation by simply paying the amount of unpaid rent plus interest.

As Stollof points out, she and Malibu Hillbillies were named separately as defendants in this action and were sued for breach of two different agreements. Malibu Hillbillies was sued for breach of the lease agreement and Stollof for breach of the guaranty agreement. (See *Talbott v. Hustwit* (2008) 164 Cal.App.4th 148, 151 [" 'A contract of guaranty gives rise to a separate and independent obligation from that which binds the principal debtor.' "]; see also *All Bay Mill & Lumber Co. v. Surety Co.* (1989) 208 Cal.App.3d 11, 17-18; accord, *National Technical Systems v. Superior Court* (2002) 97 Cal.App.4th 415, 421-422.)

In reply, United Grand contends it never claimed issue preclusion applied because Stollof was a guarantor of Malibu Hillbillies. United Grand clearly made this argument at page 34 and pages 41 to 42 of its opening brief. In light of United Grand's repudiation of the argument in its reply brief, we will treat the claim as abandoned.

United Grand does make a second and different issue preclusion claim near the end of its brief; there it claims that issue preclusion applies because Stollof is the sole member of Malibu Hillbillies and so was in privity with it. We discuss that claim *post*.

B.  The Trial Court Had Jurisdiction To Strike The Prayer For Attorney Fees.

United Grand's second major section is entitled: "The Judge Sotelo's Orders Was Outside his Jurisdiction and An Improper Effort to Extort Settlement."  This section makes little sense.  United Grand makes numerous references to documents in this case, but provides only one record cited in six pages.  The section appears to have been cut and pasted from other documents.  To give just one example, United Grand writes, "By finding that this is 'misconduct' this Court is collaterally attacking Judge Borenstein's order, which it cannot amend, and directly attacking the appellate jurisdiction of the Court of Appeal."  Since "this Court" is the Court of Appeal, United Grand's argument makes no sense.  Further, the section is not presented in a logical or sequential order.  To give just one example, United Grand writes: "Judge Sotelo's judgment is void (and this 'improper', 'irregular' and an 'abuse of discretion') for three related reasons.  Second, the Court's order explicitly seeks to punish Plaintiff . . . ."

We consider the three intelligible arguments United Grand makes in this section.

First, United Grand appears to argue Judge Sotelo granted a new trial as to Malibu Hillbillies and when he did, his actions did not comply with statutory procedures for granting a new trial. Judge Sotelo did not grant a new trial, or alter or amend United Grand's judgment against Malibu Hillbillies.  The effect of his order and judgment of dismissal as to Stollof only has the effect of barring recovery against Stollof on the judgment against Malibu Hillbillies. United Grand has not cited any legal authority to support its argument that a bar to recovery from a guarantor amounts to an alteration or amendment of the judgment against

26

the primary debtor.  "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."  (*City of Santa Maria v. Adam, supra,* 211 Cal.App.4th at pp. 286–287.)  United Grand has failed to satisfy this requirement and its argument is forfeited.

Next, United Grand claims Judge Sotelo lacked jurisdiction to make the March 17, 2017 and April 11, 2017 orders because they were made during the pendency of United Grand's appeal from Judge Rosenblatt's order vacating the default judgment against Stollof.

As Stollof accurately points out in her brief, United Grand acknowledged in the trial court that "The primary example of collateral matters not affected by a notice of appeal are awards of attorney fees or sanctions.  See *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 368 ('Consequently, filing of a notice of appeal does not stay any proceedings to determine the matter of costs and does not prevent the trial court from determining a proper award of attorney fees claimed as costs'); *Silver v. Gold* (1989) 211 Cal.App.3d 17, 26 (filing of notice of appeal of dismissal order does not divest court of jurisdiction to award sanctions.)"  Relying on those cases, United Grand "filed a motion for 'legal fees' against David Cohen notwithstanding the pending appeal."  United Grand has offered no explanation for its change of position on this issue, and cites no law contrary to the cases it cited earlier, quoted above.  Under the reasoning of those two cases, Judge Sotelo clearly had jurisdiction to issue his orders, which involved the denial of attorney fees as a sanction for misconduct.

27

Finally, United Grand argues "Judge Sotelo lacked jurisdiction to impose attorney fees or eliminate their entitlement without statutory authorization. *Baugess v. Paine* (1978) 22 Cal.3d 626. Judge Sotelo's so-called 'inherent power' does not include the power to impose monetary sanctions or deprive a party of their right to request them, let alone deprive a party from obtaining fees already authorized in a judgment affirmed by the Court of Appeal."

As a sanction, Judge Sotelo declined to award attorney fees. *Baugess* does not discuss striking attorney fees. Judge Sotelo did not impose monetary sanctions or deprive United Grand of its right to request sanctions. Post-judgment attorney fees sought as costs are not sanctions. Judge Sotelo's order and judgment does not bar United Grand from enforcing its judgment against Malibu Hillbillies.

More generally, there can be no dispute that a trial court has power to dismiss an entire action in extreme situations. (*Del Junco v. Hufnagel, supra,* 150 Cal.App.4th at p. 799.) Judge Sotelo found ample grounds to dismiss the entire complaint due to United Grand's and Sanai's misconduct in prolonging the litigation and requesting over $2 million in attorney fees. Judge Sotelo's limited dismissal of a portion of United Grand's complaint was an act of leniency. It is difficult to comprehend United Grand is seriously arguing that Judge Sotelo could have dismissed the entire action as to Stollof, but erred in dismissing only a portion of it.

C. United Grand Has Forfeited Its Claim Of Inadequate Notice Of The Trial Court's Intent To Strike The Prayer For Attorney Fees.

United Grand has entitled the third section of its brief "The Trial Court Violated Due Process by Imposing Sanctions Without Notice." This section simply asserts, without citation to the record, that no notice was given by Judge Sotelo.

United Grand received extensive procedural safeguards: the trial court's December 15, 2016 order informed United Grand the court was setting a hearing for an OSC Why the Complaint as Stollof Should Not Be Stricken; United Grand had an opportunity to and did file a brief and it had an opportunity to be heard at the hearing on the OSC. The trial court's subsequent order set forth in detail its basis for the terminating sanction. United Grand makes no attempt to reconcile its bare claim of a due process violation with these extensive procedural safeguards.

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at pp. 286–287.) United Grand cites one case in this section, but then fails to "explain how it applies in his case." (See *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10 (*Hodjat*).) Accordingly, we treat the matter as forfeited.

## II. UNITED GRAND HAS NOT SHOWN THE TRIAL COURT ERRED IN DENYING ATTORNEY FEES ON APPEAL OR IN DISSOLVING AN INJUNCTION.

In addition to appealing from the judgment of dismissal, United Grand appeals from an order denying attorney fees on appeal and an order dissolving an injunction.

29

A. United Grand's Argument Concerning Denial Of Attorney Fees By Judge Moreton Is Unintelligible And Is Forfeited.

United Grand entitled the fifth section of its brief: "It Was Error to Deny Contractual Attorney Fees to Plaintiff." This section appears to consist of a mash-up of two claims: (1) Judge Sotelo lacked jurisdiction "to overturn the judgement" entered by Judge Rosenblatt, and (2) Judge Moreton erred in denying attorney fees at some unspecified time during the case. The argument concerning Judge Sotelo presumably relates to the judgment of dismissal. The reference to Judge Moreton may involve the order denying attorney fees on appeal which United Grand mentions in its statement of appealability. If so, these two arguments do not belong under the same general heading.

The argument concerning Judge Sotelo consists of two sentences, both of which assert that the judge overturned or vacated the judgment by striking a portion of the complaint. In fact, Judge Rosenblatt vacated the judgment as to Stollof long before Judge Sotelo became involved in this case. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at pp. 286–287.) United Grand has failed to meet this burden. We are not obliged to speculate about the arguments United Grand intended to raise. (*Opdyk v. California Horse Racing Bd.*, *supra*, 34 Cal.App.4th at pp. 1830-1831, fn. 4.)

United Grand's argument concerning Judge Moreton is less developed. United Grande asserts: "Judge Moreton's order denying contractual attorney fees based on the rulings of the two other judges was void, because it relied upon the validity of a void

30

order.  It was also wrong, because the orders of these judges were void, voidable and erroneous."  United Grand provides no record cite for its argument concerning Judge Moreton, and so has forfeited this claim.  (*Nwosu v. Uba*, *supra,* 122 Cal.App.4th at p. 1246.)[5]

In addition to the lack of appropriate headings, record citations and fact-based arguments in this section, there is also a dearth of legal authority.  United Grand cites one case in this section, but then fails to "explain how it applies in his case."  (See *Hodjat*, *supra*, 211 Cal.App.4th at p.10.)  Accordingly, we treat the matter as forfeited.

### B.  United Grand Has Forfeited Its Claim Concerning The Injunction

At one point in the proceedings, the trial court issued an injunction prohibiting Stollof from withdrawing the funds she had deposited at the state court in Maryland.  The trial court later dissolved the injunction once the funds were redeposited

---

[5]  In United Grand's statement of the case, United Grand mentions Judge Moreton in connection with a statement that United Grand was the prevailing party on the appeal in case No. B270076 and so entitled to attorney fees.  United Grand was not the prevailing party in that appeal.  United Grand sought reversal of the trial court's order vacating the default judgment against Stollof.  We affirmed that order.  We found Stollof entitled to costs on appeal.  United Grand's argument "fail[s] to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at p. 287.)  Again, we are not required to speculate about the arguments United Grand intended to raise. (*Opdyk v. California Horse Racing Bd.*, *supra*, 34 Cal.App.4th at pp. 1830-1831, fn. 4.)

with the Los Angeles County Superior Court. United Grand's entire argument on this topic consists of the following statement: "Judge Sotelo vacated the injunction against removing money from the account in Maryland, presumably based on his finding that the [*sic*] order was wrong, and the injunction should be reimposed." This argument is completely inadequate. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at pp. 286–287.) United Grand has failed to meet this burden. We are not obliged to speculate about the arguments United Grand intended to raise. (*Opdyk v. California Horse Racing Bd.*, *supra*, 34 Cal.App.4th at pp. 1830-1831, fn. 4.) United Grand has forfeited this argument

## III. UNITED GRAND'S ATTEMPTS TO RAISE OTHER ISSUES ARE BARRED

### A. *United Grand Has Forfeited Its Argument That Claim Or Issue Preclusion Applies To Stollof Due To Privity.*

United Grand literally repeats its argument, first made on appeal in case No. B270076, that claim or issue preclusion apply to Stollof as the "sole member" of Malibu Hillbillies, a limited liability corporation, including its no longer cognizable argument that vacating the default judgment against Stollof was improper. It again argues Stollof should not be permitted to file an answer denying allegations admitted by Malibu Hillbillies. It adds: "This is one of the issues which should have been litigated at trial, but which the trial court's erroneous judgment prevented from being litigated. This Court declined in addressing the issue in the prior appeal, but it must permit Plaintiff the right to litigate at trial."

32

Appellant's summary of our prior opinion is not quite accurate. We held in our prior opinion that "Appellant provides no authority for the proposition that respondent should be bound by the admissions of another party, based on 'privity' or otherwise." (United Grand Corp. v. Stollof (July 6, 2017, B270076) [nonpub. opn.], at [p. 16].) Appellant has not remedied that defect in this appeal: it has simply cut and pasted the privity argument from its brief in the earlier appeal without any new authority.

Were we to address this claim anew, we would find fundamental problems with United Grand's argument that issue preclusion could play any role in this case at all. Collateral estoppel traditionally applies to second or successive actions between the same parties or parties in privity with them. (*Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1563 [claim preclusion "operates as a bar to the maintenance of a second suit" while issue preclusion " ' "precludes a party to an action from relitigating in a second proceeding matters litigated and determined in a prior proceeding." ' " (internal quotation marks omitted)]; see also *People v. Barragan* (2004) 32 Cal.4th 236, 253.)[6] This is not a

---

[6] This is not an absolute rule. "The California Supreme Court and Courts of Appeal have expressed doubt that the doctrine of collateral estoppel applies in further proceedings in the same litigation . . . . The issue, however, has not been resolved definitively." (*People v. Yokely* (2010) 183 Cal.App.4th 1264, 1273; *People v. Barragan*, *supra*, 32 Cal.4th at p. 253 [noting court has not yet decided whether collateral estoppel " 'even applies to further proceedings in the same litigation.' "].)

successive action; it is the original action. Further, United Grand fails to provide legal authority to support its claim that the doctrine of privity should be applied to Stollof. Generally, the doctrine of privity is used to bind non-parties to the initial action. (See *Cal Sierra Development, Inc. v. George Reed, Inc.* (2017) 14 Cal.App.5th 663, 672–673.) Stollof has always been a party to this action.

## B. Further Objections To The Appellate Decision B279215 Are Stricken.

On July 13, 2018, while this appeal was pending, we issued our opinion in appeal No. B279215. In that opinion, we applied the disentitlement doctrine to dismiss United Grand's appeal from the trial court's April 29, 2016 order directing United Grand to file a code-compliant acknowledgement of satisfaction of judgment and to pay certain attorney fees. United Grand filed a petition for rehearing, claiming inter alia that our dismissal was void. We denied the petition. United Grand filed a petition for review with the California Supreme Court, contending inter alia that our dismissal was void. On September 26, 2018, the Court denied review. (S250791.)

---

United Grand does not acknowledge the unsettled state of the law, or provide any argument to support a resolution of this open question. "[A]n appellant is required to not only cite to valid legal authority, but also explain how it applies in his case." (*Hodjat*, *supra*, 211 Cal.App.4th at p. 10.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at p. 287.) We do so with United Grand's claim of collateral estoppel.

34

In his October 22, 2018 reply brief in this matter, United Grand again contends our dismissal of B279215 was void. There are many reasons this argument is improper. United Grand has already made the permitted procedural challenges to our decision, and those challenges have been denied. There is no legal basis for an appeal from a prior appeal in the same court. It is difficult to characterize this argument as anything other than frivolous. On our own motion, we order the argument stricken from United Grand's reply brief.

## IV. THE APPEAL OF THE FEBRUARY 2017 SANCTION ORDERS IS DISMISSED

United Grand's counsel Cyrus Sanai appeals from Judge Borenstein's February 2017 orders imposing sanctions. Stollof has moved to dismiss the appeal under the disentitlement doctrine. We agree disentitlement is warranted as to Sanai's appeal from the sanctions orders. We dismiss his appeal of the sanctions orders.

"An appellate court has the inherent power, under the 'disentitlement doctrine,' to dismiss an appeal by a party that refuses to comply with a lower court order." (*Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1229.) " 'Appellate disentitlement "is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction . . . ." [Citation.]' [Citation.] No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics.* [Citation.]' [Citation, italics added.) The doctrine 'is based upon fundamental equity and is not to be frustrated by technicalities.' " (*Id*. at p. 1230, internal quotation marks omitted.)

35

The "disentitlement doctrine 'is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed.'" (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.) "[T]he merits of the appeal are irrelevant to the application of the doctrine." (*Ibid.*)

Here, there has been a finding of contempt. On March 21, 2018, Judge Borenstein held a trial on the contempt charge and found Sanai guilty. The matter was continued to March 26, 2018 for sentencing. Sanai was released on his own recognizance.

On March 26, 2018, the court ordered: "Mr. Sanai shall be imprisoned in the Los Angeles County jail until he performs the acts specified in the Court's orders dated February 2 and February 22, 2017; and [¶] 2. Pursuant to Civil Procedure Code §1218(a), Mr. Sanai shall pay to D. Joshua Staub reasonable attorneys' fees and costs incurred in connection with the contempt proceedings. [¶] 3. Execution of this sentence is stayed until 4 pm on April 13, 2018, at which time Mr. Sanai shall surrender at the Inmate Reception Center at the Los Angeles County Jail, until a further stay is granted."

On April 12, 2018, Sanai filed a "Petition for writ of mandate; habeas corpus or other appropriate relief." (B289357) On April 23, 2018, we denied Sanai's request to stay the trial court's March 26, 2018 order sentencing Sanai for contempt of court. On March 4, 2019, we denied the petition, which challenges both the underlying February 2017 sanctions orders and the contempt proceedings.

Sanai did not report to jail and the trial court issued a bench warrant for his arrest. He is currently a fugitive from justice. He has willfully disobeyed the trial court's order. Under

36

the circumstances he is not entitled to challenge the sanctions orders on appeal.

DISPOSITION

Sanai's appeal from the February 2017 sanctions orders is dismissed.  The judgment is affirmed in all other respects.  Stollof is entitled to recover her costs on appeal.

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

Filed 6/12/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| UNITED GRAND CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MALIBU HILLBILLIES, LLC, et al.,<br><br>    Defendants and Respondents;<br><br>CYRUS SANAI,<br><br>    Objector and Appellant. | B283833<br><br>Los Angeles County<br>Super. Ct. No. BC554172)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on May 22, 2019, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

[There is no change in the Judgment.]

_____

GRIMES, Acting P. J.        STRATTON, J.            WILEY, J.