Filed 11/21/25  P. v. Burke CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC TYLER BURKE,<br><br>    Defendant and Appellant. | C102091<br><br>(Super. Ct. No. 24CF01991) |

Defendant Eric Tyler Burke appeals his conviction for driving under the influence causing great bodily injury.  Defendant claims the trial court erred by not imposing probation, not imposing the low term, and not dismissing his sentence enhancement in the interests of justice.  We affirm because defendant's claims are forfeited for failing to object at the trial court and for failing to make a cognizable argument on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

We base our recitation of the facts on defendant's probation report, which he stipulated to as being the factual basis for his plea.

1

On February 22, 2024, around 11:00 p.m., defendant was arrested for suspected driving under the influence.  During the arrest, officers discovered defendant had consumed cannabis recently and had a blood-alcohol content of 0.312 percent.  Defendant was arrested and booked into the Butte County jail.

Defendant was released from jail at 12:05 a.m. the next day, February 23, 2024.  Later that day, around 4:00 p.m., defendant once again drove while under the influence.  This time defendant ran a stop sign and struck another vehicle, which the 91-year-old victim was driving.  The victim suffered a broken sternum.  Defendant fled the scene, leaving the keys to his home at the scene of the crash.

Law enforcement officials later spoke with defendant at his home.  Defendant said he had not been driving the vehicle, even though no officer had yet asked him about the accident.  Officers later determined defendant was under the influence of cannabis and had a blood-alcohol content of 0.283 percent.

Defendant pled no contest to a felony count of causing injury while driving under the influence and a misdemeanor count of driving under the influence, and defendant admitted a special allegation of causing great bodily injury attached to the felony count.

At sentencing on September 18, 2024, the trial court stated its intended ruling was to impose the middle term for the felony conviction.  In response, defendant's counsel asked the court to impose probation because defendant lacked a criminal history, was responsible for financially supporting his children, had recently obtained sobriety, and the probation report determined he was suitable.  The court acknowledged counsel's argument and that this was defendant's first felony, but ultimately was unconvinced this was an "unusual case" as required under California Rules of Court, rule 4.413 (rule 4.413), because of the short time between instances of driving while under the influence, and that "even if [d]efendant were not presumptively ineligible for probation, probation would be denied due to the nature, seriousness and circumstances of this case."

The trial court then imposed the middle term, finding the crime involved "a high degree of cruelty, viciousness or callousness"; the victim was particularly vulnerable; and defendant's "conduct indicate[d] a serious danger to society," among other factors. In mitigation, the court found only that defendant lacked a criminal record and he resolved the "matter at a relatively early stage in the proceeding[]."

After denying probation and imposing the middle term, the trial court stated it had considered striking defendant's sentence enhancements "pursuant to Penal Code[1] section 1385." The court specifically noted it had reviewed the relevant mitigating circumstances under this provision and found none of them applied to defendant. Accordingly, the court refused to strike the great bodily injury enhancement, stating that doing so "would endanger the public safety."

Defendant appeals.

## DISCUSSION

Defendant argues the trial court erred by denying probation, sentencing him to the middle term instead of the low term, and not striking the sentence enhancement for causing great bodily injury. We disagree, as defendant has forfeited all his claims on appeal.

### I

*Defendant Fails To Make A Cogent Argument*

*Regarding The Trial Court's Decision Not To Impose Probation*

Appellants carry the burden to demonstrate error by making some cogent argument that is supported by legal analysis and citation to the record. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 161.) We are not required to "scour the record unguided." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th

---

1 Further undesignated section references are to the Penal Code.

266, 287.)  Nor are we obliged to make arguments for an appellant or "speculate about which issues counsel intend to raise."  (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  We may and do "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [the appellant] wants us to adopt."  (*City of Santa Maria*, at p. 287.)

Here, the main heading of defendant's opening brief's argument states:  "Given [defendant]'s background, lack of prior record, remorse for his conduct and multiple efforts to improve himself, imposition of a state prison sentence was not appropriate." (Some capitalization omitted.)  A page later, defendant writes, "Further, the court incorrectly found that [defendant]'s case was not unusual within the meaning of . . . section 1203 and [r]ule 4.413.  In fact, [defendant] satisfied the criteria of [r]ule 4.413."

The foregoing is the totality of defendant's argument regarding the trial court's decision not to impose probation.  These barren statements do not amount to an argument guided by legal analysis as to how he would like this court to reach the conclusions he would like us to adopt.  (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at p. 287.) Defendant never expresses how he satisfies the criteria of rule 4.413 or how the trial court's analysis fell short, nor does he cite any authority to support his contention that the trial court erred.  Defendant merely asserts that something different should have happened than what did happen; or, in other words, defendant's argument is merely conclusory.  We may disregard conclusory statements, such as these, as they fail to disclose the reasoning by which defendant would like us to adopt his proffered conclusion.  (*City of Santa Maria*, at p. 287.)  Thus, as defendant has failed to carry his

4

burden of demonstrating error, his claims regarding probation are forfeited.[2]  (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 161.)

## II

### *Defendant's Remaining Claims Are Also Forfeited*

The doctrine of forfeiture applies to sentencing.  (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)  As such, any alleged sentencing error that a party had a meaningful chance to object to at the trial court is forfeited on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 351, 353-354, 356; see also *People v. Sarmiento-Zuniga* (2025) 108 Cal.App.5th 1216, 1222.)  A meaningful chance for objection occurs when the trial court "clearly apprise[s the parties] of the sentence the court intends to impose and the reasons that support any discretionary choices."  (*Scott*, at p. 356.)  If there has been a meaningful opportunity for objection, "counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing."  (*Id*. at p. 353; see *id*. at p. 356.)

Here, the trial court clearly indicated its intent to impose the middle term as well as to decline to dismiss defendant's sentence enhancement—two decisions defendant challenges on appeal.  The trial court also stated the reasons for imposing the middle term and not dismissing the sentence enhancement.  Therefore, the trial court gave the parties a meaningful chance for objection.  (*People v. Scott*, *supra*, 9 Cal.4th at p. 351.)

Yet, defendant did not object on either ground at sentencing.  Defendant did object to the denial of probation, but defendant's reasons for so objecting made no mention of

---

[2]    In this arena, courts have used "forfeiture" and "waive[r]" interchangeably.  (See *United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at pp. 154, 161.)  Our Supreme Court has clarified the distinction between the two, stating that forfeiture is a " 'failure . . . to invoke a right' " by way of failing to raise it or object to its contravention, while waiver occurs when a right has been intentionally relinquished.  (See *North American Title Co. v. Superior Court* (2024) 17 Cal.5th 155, 178.)  Defendant's failure to present a cogent argument is therefore a forfeiture of his argument.

the trial court's decision to impose the middle term or of the court's refusal to strike the sentence enhancement.  In sum, defendant had a full and fair opportunity to object at the trial court on the same grounds he now raises.  He did not.  Accordingly, defendant's remaining claims of sentencing error are forfeited.  (See *People v. Scott*, *supra*, 9 Cal.4th at p. 351.)

## DISPOSITION

The judgment is affirmed.


/s/
ROBIE, J.



We concur:


/s/
HULL, Acting P. J.


/s/
BOULWARE EURIE, J.

6