Filed 3/18/22  Solano v. Magnum Property Investments CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSE R. SOLANO,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>MAGNUM PROPERTY INVESTMENTS, LLC, et al.,<br><br>      Defendants and Respondents. | B309267<br><br>(Los Angeles County<br>Super. Ct. No. BC708445) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Jose R. Solano, in pro. per., for Plaintiff and Appellant.

Nussbaum, Lane M. Nussbaum and Jason J. Stillman for Defendants and Respondents.

_____

Defendants and respondents purchased at a trustee's sale real property that plaintiff and appellant Jose Solano previously owned along with his wife (who is not a party to the lawsuit). By means of this lawsuit, Solano, in propria persona, sought to regain title to the property and requested monetary damages. The trial court dismissed Solano's lawsuit following its sustaining of respondents' demurrer to some of the causes of action in the operative complaint and granting of a motion for judgment on the pleadings on the remaining causes of action.

Solano, in propria persona, appeals from the judgment of dismissal. On appeal, Solano fails to identify the allegations in his operative complaint that he claims were sufficient to state a cause of action. As set forth below, it was his burden on appeal to do so. His failure to identify allegations in the operative complaint to support each element of his causes of action is fatal to his appeal. Accordingly, we affirm the judgment.

## BACKGROUND

Documents attached to the complaint and first amended complaint show a grant deed dated February 5, 2007, conveying real property located on Bentley Court in West Covina (the property) to plaintiff Jose Solano and his wife. The Solanos borrowed $1,110,000 and secured the note with a deed of trust. Under the terms of the deed of trust, the trustee had the power of sale if the borrower breached certain promises including paying all amounts owed to lender.

As of August 24, 2016, the Solanos were behind in payments. At that time, the Solanos owed $619,978.29 in "past due payments plus permitted costs and expenses." After the trustee recorded a notice of default and election to sell under deed of trust, the trustee held a trustee sale. The trustee's deed upon

2

sale recites that it complied with all statutory provisions under the deed of trust.

On February 15, 2018, Magnum Property Investments, LLC (Magnum) purchased the property for $1,210,000. According to Solano, defendant Sarina Goerisch operates Magnum.[1] According to Solano, Magnum sold the property on August 15, 2019. Solano does not identify to whom Magnum sold the property. The only defendants and respondents are Magnum and Goerisch.

The trial court sustained a demurrer to Solano's original complaint with leave to amend. Solano then filed his first amended complaint (FAC), the operative pleading. The FAC asserts causes of action for quiet title, fraud, two counts of illegal foreclosure, illegal racketeering, cancellation of written instruments, intentional infliction of emotional distress, slander of title, illegal eviction, unjust enrichment, violation of the California Homeowner Bill of Rights,[2] violation of the Business and Professions Code,[3] invasion of privacy, and declaratory judgment. In addition to monetary damages, Solano sought title

---

[1] Defendants describe Goerisch as a receptionist for Magnum's manager.

[2] The California Homeowner Bill of Rights refers to legislation passed in 2012 concerning nonjudicial foreclosure sales of owner-occupied real property. (*Monterossa v. Superior Court* (2015) 237 Cal.App.4th 747, 749, fn. 1.) Solano did not include as a defendant the entity responsible for complying with the Homeowner Bill of Rights, his mortgage service provider.

[3] Solano does not identify the specific statute in the Business and Professions Code defendants allegedly violated. He describes the violation as "Deceptive Acts."

to the property and a declaration that Magnum and Goerisch have no interest in the property.

It appears defendants filed a demurrer to the causes of action for quiet title, fraud, illegal foreclosure, and illegal racketeering. The demurrer is not included in the record on appeal. Solano filed objections to a declaration in support of the demurrer and a motion to strike the demurrer. The court denied Solano's motion to strike the demurrer. On February 20, 2020, the court sustained the demurrer without leave to amend.

Defendants then filed an answer and an amended answer to the remaining causes of action in the FAC. Shortly afterwards, they filed a motion for judgment on the pleadings on those causes of action, arguing that Solano failed to state any cause of action. Solano opposed the motion for judgment on the pleadings. On July 20, 2020, the trial court granted the motion for judgment on the pleadings. In an eight-page order, the trial court explained its reasons for concluding Solano failed to state any cause of action.[4] On September 8, 2020, the trial court entered a judgment of dismissal with prejudice.

On April 7, 2020, before the trial court entered its judgment, Solano filed a motion to set aside the judgment. On July 31, 2020, the trial court denied Solano's motion to set aside the judgment. The court found the motion untimely and procedurally improper. On August 3, 2020, Solano filed another motion to vacate the judgment. The court set a hearing date for the motion on October 29, 2020. On September 17, 2020, Solano appealed from the judgment of dismissal. After noting that

---

[4] On appeal, Solano incorrectly contends that the trial court failed to address the causes of action challenged in the motion for judgment on the pleadings.

4

Solano had appealed from the judgment, the trial court vacated the scheduled hearing on Solano's motion to vacate the judgment.

## DISCUSSION

Solano and respondents appear to argue that our review of the trial court's rulings on respondents' demurrer and motion for judgment on the pleading is for abuse of discretion. They are incorrect.

Our standard of review of an order sustaining a demurrer or granting a motion for judgment on the pleadings is the same. (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670 ["A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review."].) We review a demurrer de novo to determine whether the plaintiff has alleged sufficient facts to state a cause of action. (*Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 173.) " ' "Although our review of a [demurrer] is de novo, it is limited to issues [that] have been adequately raised and supported in plaintiffs' brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned. [Citation.]" ' [Citation.] An appellate court 'will not develop the appellants' arguments for them . . . .' [Citation.]" (*Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282.)

" 'In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer.' [Citation.]" (*Save Lafayette Trees v. East Bay Regional Park Dist.* (2021) 66 Cal.App.5th 21, 35.)

In contrast, review for abuse of discretion applies to a trial court's refusal to grant leave to amend after sustaining a demurrer or granting a motion for judgment on the pleadings. The burden is on the plaintiff to demonstrate that the trial court abused its discretion in denying leave to amend and specifically how the operative complaint could be amended to state a viable cause of action. (*In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1274.)

The foregoing principles apply even though Solano is representing himself on appeal in propria persona. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) " ' "The appellate court is not required to search the record on its own seeking error." [Citation.] . . . [Citations.]' [Citation.]" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156.)

On appeal, Solano argues the trial court erred in: (1) dismissing his cause of action for quiet title; (2) dismissing his cause of action for cancellation of written instruments; (3) granting the judgment on the pleadings; (4) cancelling trial; and (5) failing to rule on his second motion to vacate the judgment.

### A. Solano Demonstrates No Error in the Trial Court's Sustaining the Demurrer to the Quiet Title Cause of Action Alleged in the First Amended Complaint

As to its sustaining of the demurrer to Solano's quiet title cause of action, the trial court explained: "Plaintiff failed to allege sufficient facts to constitute a cause of action for quiet title. Plaintiff did not allege facts showing his title to or interest in the subject property [or] . . . facts showing Defendants are asserting an adverse claim or antagonistic property interest." The trial court further stated: "Civil Code §2924 'provides that, where the

6

trustee delivers a deed to the buyer at the foreclosure sale, and the deed recites that all procedural requirements for the default notice and sale notice have been satisfied, there is a statutory rebuttable presumption that such notice requirements have been fulfilled; as to a BFP [bona fide purchaser for value], this presumption is conclusive.' "

On appeal, Solano argues the trial court erred in sustaining the demurrer to the quiet title cause of action because he set forth "sufficient facts" to assert a cause of action for quiet title. Solano, however, identifies no factual allegation in the FAC supporting his assertion that he sufficiently pleaded the elements of a cause of action for quiet title. We are not required to cull the FAC ourselves to identify any such allegations. (*United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 156.)

The failure to support his contention of adequate pleading with references to paragraphs in the FAC constitutes an abandonment of that contention. (*Pfeifer v. Countrywide Home Loans, Inc.*, *supra*, 211 Cal.App.4th at p. 1282.)

## B. Solano Demonstrates No Error in Granting Judgment on the Pleadings

Solano argues that "the trial court dismissed causes of action five thru thirteen [including his claim for cancellation of written instruments] without a substantive view of these causes of action in the amended complaint." He argues "there is no factual support in the record for the dismissal of these causes of actions." Solano further contends that his "well pleaded causes of action were just 'thrown out' by the [trial] court." On appeal, Solano fails to identify the elements of these causes of actions and to identify the purported allegations supporting each such element. He has thus failed to satisfy his burden on appeal to

7

show error, to wit, to demonstrate a "well pleaded" cause of action.  (*Pfeifer v. Countrywide Home Loans, Inc.*, *supra*, 211 Cal.App.4th at p. 1282.)

## C.  Solano's Remaining Arguments Lack Merit

Solano argues the trial court should not have cancelled the trial.  The court properly cancelled trial because there was no cause of action remaining to try.

Solano argues the trial court violated his right to due process by failing to rule on his second motion to vacate the judgment.  "As a general rule, " 'the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . .' [Citation.]"  (*Varian Medical Systems, Inc. v. Delfino* (2015) 35 Cal.4th 180, 189, fn. omitted.)  Solano does not argue or show why this general rule is inapplicable here.

Finally, Solano fails to show in what manner he could amend the FAC to state a viable cause of action.  He therefore fails to demonstrate that the trial court abused its discretion in denying him leave to amend.  (*In re Social Services Payment Cases*, *supra*, 166 Cal.App.4th at p. 1274.)

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own cost on appeal.

NOT TO BE PUBLISHED.


                                        BENDIX, Acting P. J.


We concur:



        CHANEY, J.



        CRANDALL, J.*

---

        *  Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.