Filed 2/27/24  Holiday Group Partners v. McPherson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HOLIDAY GROUP PARTNERS, INC., | D083005 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MCC2001403) |
| STEVE MCPHERSON et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Riverside County, Angel M. Bermudez, Judge.  Affirmed.

Nikki B. Allen, Attorney at Law and Nikki B. Allen for Defendant and Appellant Steve McPherson.

Law Offices of Robert F. Schauer, Robert F. Schauer and Noah K. McCall, for Plaintiff and Respondent.

### INTRODUCTION

Appellant Steve McPherson appeals from a default judgment and the trial court's subsequent denial of his motion to set aside the default judgment.  He asserts we must reverse because the law favors resolution of cases on their merits.  He also contends the trial court's prior ruling that

there was no contract between the original plaintiff, Gregorio Acosta,[1] and Appellant precluded entry of a default judgment against Appellant.  Finally, Appellant challenges the sufficiency of the evidence supporting the punitive damages award.

We disagree that reversal is warranted on these grounds and therefore affirm the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2019, Acosta filed a complaint against Blue Chip Thoroughbreds, LLC (Blue Chip), Tom Mansor, and Appellant (collectively, the defendants).  He alleged claims of breach of contract, fraud in the inducement, constructive fraud, and breach of fiduciary duty based on written and oral contracts he made with Blue Chip to purchase interests in several racehorses and a $40,000 loan he made to Appellant.  Acosta claimed he invested $224,500 as an equity position in the ownership and sale of the horses, but later learned Blue Chip never owned any of the horses.  Although he made repeated demands, none of the defendants ever repaid any of his money.  Through his lawsuit, Acosta sought to recover his damages.  Because he believed the deception was willful and malicious, he also sought punitive damages.

In July 2020, Acosta sought writs of attachment against all three defendants.  On September 4, 2020, the defendants demurred to the complaint.  Just over a week later, the trial court granted a writ of attachment as to Blue Chip only, finding there was "no reason for McPherson and Mansor to be subject to the writ" because "they are not the contracting

---

[1]     Mr. Acosta is alternatively referred to throughout the record as Gregory Acosta.

2

parties." The court explained that it was "not persuaded beyond this based on the evidence submitted."

In November 2020, the court sustained the defendants' demurrer as to the third and fourth causes of action and granted Acosta leave to amend. Thereafter, Acosta's counsel emailed counsel for the defendants, Nikki Allen, to notify her that he was opting not to amend the complaint and that Allen's clients should answer only the first two causes of action. The defendants did not do so.

Acosta assigned his rights to the claims alleged in the lawsuit to CLL Firm, LLC (CLL) in around October 2021. He notified Allen of the assignment and filed an amendment to the complaint changing only the name of the plaintiff. Counsel for Acosta then met and conferred with Allen, who informed them that CLL was not a proper assignee because it was an out-of-state entity not licensed to do business in California. Based on this information, Acosta revoked his assignment, assigned his claims to Respondent Holiday Group Partners, Inc. (Respondent or Holiday Group), served a notice of assignment on Allen, and filed a second amendment to the complaint again substituting the plaintiff.[2] Appellant acknowledges having been served with the notice of assignment of claims.

Allen and one of Respondent's attorneys, Robert Schauer, again met and conferred, at which time Allen expressed her view that the second amended complaint was defective because it was not filed with leave of the court. She warned that defendants would file a demurrer, but then never filed a responsive pleading.

On March 2, 2022, Schauer emailed Allen, warning that if the defendants did not file an answer by March 10, 2022, Respondent would

---

[2] The same attorneys represented Acosta, CLL, and Respondent.

request entry of default.  The defendants did not do so.  Therefore, on March 11, 2022, Respondent filed and served a request for entry of default against all three defendants, and the court entered a default the same day.

Two months later, Respondent requested a default judgment against Appellant, Blue Chip, and Mansor.  In support of its request, Respondent filed declarations from Acosta, the owner of Holiday Group, and another horse owner who had negative interactions with the defendants.  Although Respondent requested a prove up hearing, the court relied on the declarations in making its ruling.  On August 4, 2022, the court entered a default judgment against Blue Chip, Appellant, and Mansor, awarding $221,500 in damages, $67,056.63 in prejudgment interest, $870 in costs, and $575,657.26 in punitive damages, for a total of $865,083.89.

On September 19, 2022, the defendants filed an ex parte application to set aside the default and default judgment, which the court subsequently construed as a motion.  The defendants argued Respondent's counsel failed to fulfill his ethical obligation to warn the defendants' counsel before obtaining a default judgment and that the default judgment should be set aside under Code of Civil Procedure section 473, subdivision (b)[3] based on surprise and excusable neglect.

In response, Respondent argued the motion should be denied because it was filed more than six months after entry of default, which meant the court lacked jurisdiction to provide relief under section 473.  Alternatively, Respondent argued the motion lacked merit because counsel *did* warn the defendants' counsel on March 2, 2022, that if the defendants did not answer, Respondent would request entry of a default.  Respondent also asserted that,

---

[3]    Statutory references are to the Code of Civil Procedure unless otherwise specified.

to the extent the defendants challenged Respondent's filing of a second amendment to the complaint, the defendants had waived that issue by failing to file a timely motion to strike the pleading. Finally, Respondent pointed out that the defendants had failed to file a proposed response to the complaint with their motion, as required by section 473, and argued that denial was further warranted based on this omission.

The defendants did not respond to most of these arguments in their reply brief, instead reiterating their view that there was no operative complaint in the case and that the law favored resolving cases on the merits. They also attempted to add alternative arguments that relief under section 473, subdivision (b) was warranted based on mistake and inadvertence. Attached to Allen's declaration in support of the reply brief was an email dated November 17, 2020, from Allen to Schauer and his co-counsel, Noah McCall, responding to McCall's email of the same date. Therein, McCall reiterated that he had chosen not to amend the original complaint and was asserting only the first two causes of action. Allen responded, "My clients with [*sic*] file an answer as to the 1st and 2nd Causes of Action."

On October 26, 2022, the trial court held a hearing on the motion to set aside the default judgment. Following argument, the court denied the motion, concluding the defendants had "not established surprise or excusable neglect in failing to file an answer since November 2020 despite warnings from opposing counsel." Additionally, the court cited Schauer's March 2, 2022 email as evidence that Respondent's counsel did act ethically in advising the defendants that they intended to request entry of default. Respondent's counsel served a notice of entry of judgment on November 29, 2022.

Of the three defendants, only Appellant filed a notice of appeal in the instant action. The January 26, 2023 notice of appeal challenges the order denying Appellant's motion to set aside the default judgment, but in his opening brief, Appellant also challenges the default judgment itself.

DISCUSSION

Appellant asserts three grounds for relief on appeal. We conclude that none of these arguments have merit.

I.

*Public Policy Argument Regarding Application of Section 473*

Appellant's first contention on appeal is that we must set aside the lower court's entry of a default judgment because, in applying section 473, the law favors resolution of the case on its merits. He does not directly challenge the trial court's factual or legal conclusions in applying section 473, nor does he provide us with the applicable standard of review.

"We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) However, we retain "discretion to consider arguments for which we can discern a legal or factual basis in the brief." (*Ibid.*) In this case, because Appellant did make this public policy argument below, albeit in his reply brief, and because the trial court's ruling engendered some confusion, we will address the claim on the merits.

Appellant selectively cites to *Rappleyea v. Campbell* (1994) 8 Cal.4th 975 (*Rappleyea*) for the proposition that the law favors resolving cases fairly and equitably on the merits. However, this public policy applies only when relief is available under section 473, which it was not in this case.

6

(*Rappleyea*, at pp. 981–982.)  Here, the court entered a default on March 11, 2022.  The defendants filed their ex parte application to set aside the default and default judgment (which the court subsequently construed as a motion) on September 19, 2022.  Thus, more than six months elapsed between the entry of default and the motion to set it aside.  When more than six months have elapsed from the entry of default, section 473 relief is unavailable.  (*Rappleyea*, at p. 980; *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 [confirming that "[t]he six-month period runs from entry of default, not entry of judgment"].)  Under these circumstances, "there is a strong public policy in favor of the finality of judgments." (*Rappleyea*, at pp. 981–982.)  Thus, the public policy Appellant cites does not provide grounds for reversal.

As noted *ante*, the record is somewhat muddled in this case because, although more than six months had elapsed, the trial court nonetheless applied section 473 in determining the motion.[4]  But, even if we apply section 473 on appeal, Appellant has not persuaded us that the court abused its discretion.  (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 854 [denial of a motion to set aside a default judgment based upon section 473 is reviewed for

---

4      Ordinarily, the trial court could only have vacated the default or default judgment after six months from entry of default based on equitable grounds.  (*Rappleyea*, *supra*, 8 Cal.4th at p. 981.)  However, Appellant did not raise the issue of the trial court's equitable authority below or here, and the trial court did not rely on its equitable authority in addressing Appellant's motion to set aside the default judgment, so the issue is not properly before us.  While we decline to speculate as to how the court might have ruled had the issue been raised, we observe that the trial court's discretion when exercising its equitable powers is limited.  Once a default judgment has been obtained, the trial court should only grant equitable relief in exceptional circumstances.  (*Ibid.*)  Based upon Appellant's showing, it is very hard to perceive why there would be a basis for granting equitable relief on this record.

an abuse of discretion]; *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212 [same].)

Under section 473, a court may relieve a party from a judgment "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Although Appellant claims the section 473 exception applies because his attorney was not apprised of the substitutions of the plaintiff and because the amendments to the complaint and assignments of claims were "unserved or unreceived due to inadvertence," the record does not support these assertions. In his declaration in opposition to Appellant's motion to set aside the judgment, which Appellant did not challenge below or here, Schauer stated that he served a notice of the assignment to CLL on Appellant's counsel, Allen, and then met and conferred with her. It was because of her feedback that Acosta then cancelled the assignment and assigned his claims to Respondent. He later served the notice of assignment of claims to Respondent and a copy of the second supplemental complaint on Allen, who argued during a subsequent meet and confer that this complaint was defective because it was not filed with leave of the court. Although Appellant did not move to strike the second supplemental complaint or otherwise file a response to it,[5] Appellant provides no facts or arguments countering the assertion that his

---

[5] To the extent Appellant suggests it was unclear whether there was an operative pleading because Acosta did not amend after the trial court sustained his demurrer as to the third and fourth causes of action, this argument also lacks support in the record. Respondent's counsel made clear to Allen that they intended to proceed on the first two claims of the original complaint, and Allen responded on November 17, 2020, "Ok, thanks for the clarification. My clients with [*sic*] file an answer as to the 1st and 2nd Causes of Action."

attorney was both served with the assignments of claims and well aware of the party substitutions.

As the trial court acknowledged, Schauer then emailed Allen to warn her that if the defendants did not file an answer, Respondent would request entry of default.[6] Appellant does not challenge this finding. Thus, the trial court did not abuse its discretion in concluding Appellant had not established excusable neglect or surprise.[7]

## II.

### *Contract Between Acosta and the Defendants*

Appellant next contends the court erred by entering a default judgment relating to a contract to which the court had already determined he was not a

---

[6]    Appellant did not include many of these facts in his opening brief, as required by the appellate rules. An appellant's opening brief "must . . . [p]rovide a summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C)) and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (*id.* at rule 8.204(a)(1)(C); *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 ["It is axiomatic that an appellant must support all statements of fact in his briefs with citations to the record . . . ."]). These burdens placed on the appellant are logical in that it is not our role to scour the record in search of the appellant's arguments. (See *Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 534 ["It is not our place to comb the record seeking support for assertions parties fail to substantiate"]; *City of Lomita v. City of Torrance* (1983) 148 Cal.App.3d 1062, 1069 [" 'It is neither practical nor appropriate for [a reviewing court] to comb the record on [an appellant's] behalf' "].)

[7]    Section 473, subdivision (b) also requires the moving party to submit "a copy of the answer or other pleading proposed to be filed therein" with their application for relief. There is no indication in the record that Appellant did so in this case. Thus, although the trial court did not mention this deficiency, it further supports our conclusion that the trial court did not abuse its discretion in denying relief.

party. Specifically, Appellant relies on the trial court's finding, when it granted the writ of attachment as to Blue Chip, that there was "no reason for McPherson and Mansor to be subject to the writ" because "they are not the contracting parties." Respondent argues Appellant forfeited this argument because he did not make it below. We agree.

Ordinarily, a defendant who does not raise a claim in the trial court forfeits his or her right to assert the claim on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 (*Sheena K.*); *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 (*Howitson*).) Here, Appellant's only arguments below were that Respondent's counsel failed to warn Appellant's counsel before obtaining a default judgment and that the default should be set aside based on surprise and excusable neglect under section 473. He did not mention or argue this new assertion that the court's prior ruling precluded entry of a default judgment against Appellant—an issue much more appropriately addressed in the first instance by the trial court. Because he did not file a reply brief, Appellant also did not respond to Respondent's forfeiture argument on appeal. We therefore conclude Appellant forfeited this argument.

Even if we did not find the claim forfeited on this basis, we would also treat it as forfeited because Appellant provided no legal authority whatsoever supporting this contention. Respondent sought attachment pursuant to section 483.010, and statutory authority governing such writs provides that "[t]he court's determinations under this chapter shall have no effect on the determination of any issues in the action other than issues relevant to proceedings under this chapter." (§ 484.100.) It is the appellant's responsibility "to support claims of error with meaningful argument and

10

citation to authority" (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*); Cal. Rules of Court, rule 8.204(a)(1)(B)), and Appellant offers no explanation or authority supporting the assertion that the trial court's initial finding during the writ proceeding precluded a different conclusion later in the same case based on additional evidence. It is not our burden "to develop appellant's arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) Thus, "[w]hen legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen*, at p. 52.) We find it appropriate to do so here.

III.

*Punitive Damages*

Finally, Appellant claims the default judgment must be set aside because the punitive damages award was based on insufficient evidence. In particular, he contends Respondent failed to provide clear and convincing evidence of oppression, fraud, or malice as required by Civil Code section 3294; the trial court approved Respondent's "arbitrary" punitive damages amount without consideration of Appellant's financial status; and the amount of the award raises "serious concerns about the process through which it was determined."

Here again, Appellant did not challenge the evidence supporting the punitive damages award in his motion to set aside the judgment. The only reference to this issue he made in his motion was when, within the context of his argument about Respondent's counsel failing to fulfill their ethical obligation, he said "Plaintiff(s) made up an amount of punitive damages." No argument or citation of authority accompanied this assertion below, and there is no indication in the record Appellant presented on appeal that this

11

issue was raised during oral argument. This is insufficient to preserve the issue for appeal. (See *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 770 [finding an undeveloped argument raised in a "cursory manner" and buried within another argument did not adequately raise the issue in the trial court or preserve the issue for appeal].) And, although an appellate court has discretion to consider an issue not raised in the trial court if it presents a pure question of law or involves undisputed facts (*Howitson, supra*, 81 Cal.App.5th at p. 489), neither is the case here. Accordingly, we conclude Appellant also forfeited this argument. (*Sheena K., supra*, 40 Cal.4th at pp. 880–881; *Howitson*, at p. 489.)[8]

## DISPOSITION

The order is affirmed. Respondent is entitled to its costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

---

[8] As with the previous argument, Appellant also has not satisfied his burden of supporting his assertions with meaningful argument and citation to authority. (*Allen, supra*, 234 Cal.App.4th at p. 52.) Appellant focuses primarily on Respondent's offer of proof below, as opposed to evaluating the trial court's ruling under the applicable standard of review on appeal. Given that the basis for a punitive damages award presents a very fact-intensive inquiry, it is not one appropriately decided for the first time on appeal. (C.f. *Howitson, supra*, 81 Cal.App.5th at p. 489.)

12