Filed 6/24/25; Certified for Publication 7/7/25 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KHELOUD ALLOS, | D084062 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00009917-CU-OE-CTL) |
| POWAY UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge. Affirmed.

Dennis N. Brady, San Diego Employment Attorneys Group for Plaintiff and Appellant.

Winet Patrick Gayer Creighton & Hanes, Jennifer S. Creighton, and Erin N. Taylor for Defendant and Respondent.


Kheloud Allos filed suit against her former employer, Poway Unified School District (PUSD), claiming violations of the Fair Employment and Housing Act (Gov. Code, § 12900 et seq., FEHA) and the Labor Code based on PUSD's refusal to allow her to work exclusively from home. After the parties

engaged in discovery, PUSD filed a motion for summary judgment asserting Allos's claims were not actionable because they were barred by Government Code section 855.4 and because Allos could not establish any triable issues of material fact for her claims.[1]  The trial court granted PUSD's motion and entered judgment in its favor.  On appeal, Allos argues she did establish triable issues of fact and that section 855.4 does not bar her claims.  As we explain, we reject Allos's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Allos began her career with PUSD in 2002, and in 2006 became a Senior Business Systems Analyst, the position she held for the remainder of her career.[2]  When the COVID-19 pandemic shut down the school district's

---

[1]     Subsequent undesignated statutory references are to the Government Code.

[2]     PUSD's job description for the position states:  "Under the direction of an assigned supervisor, develop, maintain, analyze and enhance advanced computer systems to fulfill District needs; facilitate the computerized collection, management, manipulation and distribution of data used for analysis; train and provide technical support to District personnel in the operation and enhancement of complex computer systems with Districtwide applications."

2

in-person operations in March 2020, Allos began working at home. After the stay-at-home order was lifted later that year, Allos requested she be permitted to continue working exclusively remotely. On October 15, 2020, she submitted a doctor's note to PUSD. The handwritten note stated Allos "needs to work from home as much as possible due to COVID risk." In her deposition, Allos explained she asked for the note from her doctor, Elizabeth Salada, to keep her elderly mother, whom she lived with, safe.

On October 28, 2020, Allos met with PUSD's directors of human resources and her union representative to discuss her doctor's note. An "Interactive Meeting Record" memorialized the meeting, and stated that Allos would be accommodated by working in the office Monday through Friday from 6:30 to 8:30 a.m., and teleworking the remainder of the day. The record also indicated this accommodation would be in place for 30 days, and that any team member could request another interactive meeting at any time.

---

The job description also lists ten "representative duties" for the position, and categorizes eight as "essential duties" including, for example, "[d]evelop, maintain, analyze and enhance advanced computer systems to fulfill District needs; modify existing programs to improve reporting and record maintenance; implement changes and additions of policies and procedures related to assigned activities; assure system access for new users;" "[f]acilitate the computerized collection, management, manipulation and distribution of data used for analysis; respond to document, report and data requests from District personnel and outside agencies, compiling information from various computer systems; assist with the development of information analysis procedures;" "[c]oordinate District efforts to enhance assigned systems; communicate with and train users on updates;" and "[t]rain and provide technical support to District personnel in the operation of computer systems; assist District personnel with troubleshooting, hardware upgrades, purchasing software and database maintenance; prepare training and informational materials for District personnel as directed; coordinate flow of technical information between various District departments."

3

In January 2021, Allos submitted a second note to PUSD from a nurse practitioner within the same practice as Dr. Salada stating that Allos was the primary caregiver for her mother, "who has advanced medical conditions which cannot allow her to be by herself." The note "recommend[ed] that [Allos] work[] from home full time (100%) of the time in order to accommodate her personal life events going on right now." On February 15, 2021, Allos submitted a third note, this one signed by Dr. Salada, which stated Allos needed to work from home full time due to her own medical history, which put her at "high risk for developing allergies/infections post vaccination." The note did not explain Allos's past medical history.

At her deposition, Allos stated that she wanted an accommodation to work from home because her age (she was 65 years old at the time), high blood pressure, and obesity increased her risk from COVID-19. In addition, she testified that she was unable to be vaccinated for COVID-19 because in 2012 she had an allergic reaction to the Tdap vaccine.[3] In her declaration submitted in support of her opposition to PUSD's motion for summary judgment, Allos stated that after the Tdap vaccine she suffered pain, swelling, and redness in her arm that lasted about 10 days, which her doctor concluded was an allergic reaction.

On April 23, 2021, PUSD conducted another interactive meeting with Allos. The meeting attendees included Allos; the district's human resource director, Brian Morris; its associate superintendent of personnel support services; an attorney for the district; Allos's union representative; and Allos's attorney, Dustin Pinder. At the meeting, Morris explained that all PUSD employees were expected to return to the office by May 3, 2021. Morris also offered Allos an enclosed office, rather than her cubicle, to protect her from

---

[3]    Tdap is a combined vaccine for tetanus, diphtheria, and pertussis.

exposure to the virus.  Morris explained the photo room, where Allos took pictures of new employees for identification badges, could be converted to a private office, and that it was located a short distance from a restroom and on the same floor as Allos's department, personnel support services.  Allos responded that she did "not feel comfortable in the office and '[would] have fear every day' " of "potentially contracting COVID-19 in the workplace as a result of not being able to get a COVID-19 vaccine."

Pinder added that Allos could not be vaccinated because she had a vaccine allergy, which was a disability the district was required to accommodate.  Pinder also asserted the district's decision to hold an interactive meeting with Allos established she was disabled.  The district's attorney responded that the meeting was not an acknowledgment of a disability, and that the district offered interactive meetings with any employee who reported a medical reason that prevented them from returning to in-person work.  The attorney added the process was a "vehicle for getting additional clarifying information about whether an employee may have work-related restrictions" and was meant to provide employees with information "about the COVID-19 safety protocols in place to alleviate concerns."  Pinder also asserted that because Allos cared for her mother, who suffered from dementia, she had an associational disability that required the district to allow her to work from home on a full-time basis.  The district responded that leave options were available to Allos if she needed to care for her mother.  The meeting concluded with PUSD instructing Allos she was required to return to work on May 3, 2021, or that she could seek a leave of absence to care for her mother.

On April 26, 2021, Allos presented another note from Dr. Salada to the district, which stated "Allos needs to work from home due to having a high

5

risk of contracting COVID-19 from underlying medical conditions." The next month, on May 14, 2021, Allos submitted a form "Request For Reasonable Accommodation" to the district. Therein, Allos requested "to work from home full time for the foreseeable future," and stated, "I have adverse reactions to vaccinations such that I cannot be vaccinated. Thus, I am unable to engage in common procedures to stay healthy (i.e. vaccinations), and staying healthy is a major life activity. Additionally, I have underlying medical conditions that put me at high risk of contracting severe COVID-19- which is an additional medical disability. Having reactions to vaccines, along with my underlying medical conditions, is a condition which could lead to any number of disabling diseases normally prevented by vaccination."

A third interactive meeting occurred on June 24, 2021. Allos continued to demand she be permitted to work from home on a full-time basis. The district reiterated its position that PUSD did not have a remote work policy, and its goal was to transition Allos back to the office full time. PUSD, however, offered Allos a temporary accommodation of 50% in office, and 50% remote work through July 30, 2021. The district's representatives explained that the workplace was safe, and that it would continue to provide Allos with a private office and personal protective equipment. Pinder rejected the proposal, and instead requested that Allos be permitted to continue her current accommodation of working two hours in the office and the rest of her eight-hour day remotely from home. The district responded that Allos was not coming into the office, but instead was taking two hours of sick leave each day, then working remotely for the balance. After additional back and forth, Allos agreed to work one day in the office and four days remotely each week through July 30, 2021.

The interactive meeting process was reconvened on August 3, 2021. At the meeting, Allos expressed dissatisfaction with her in-office workday, stating she felt like a "captive" and was "depressed" in a closed office. Pinder again requested that Allos be permitted to work entirely remotely, and the district representatives again reiterated PUSD did not permit remote work, and their goal was to transition Allos back to the office full time. After additional negotiations, Allos agreed to work four hours in the office three days a week, one day fully in the office, and one day fully remotely until November 30, 2021, at which time the parties would reconvene the interactive process.

At a fifth interactive meeting on November 30, 2021, Pinder again stated that Allos was seeking to work remotely full time, but that she was "willing to continue the current schedule for a substantial amount of time, and possibly on a permanent basis." The district responded with a proposed schedule that included four additional hours of in-office time, with the goal of eventually transitioning Allos back to full time in-office work. After additional negotiations, the parties agreed to continue the prior schedule of 20 hours remote work and 20 hours in office each week through July 1, 2022, with Allos returning full time to the office thereafter.

On March 15, 2022, Allos filed the underlying complaint against PUSD, asserting claims under FEHA for disability discrimination, failure to provide reasonable accommodation, failure to engage in an interactive process, associational discrimination, and retaliation. The complaint also included claims for failure to maintain a safe and healthy workplace and retaliation in violation of the Labor Code.

After Allos filed her lawsuit, a sixth, and final, interactive meeting took place over July 20 and 21, 2022. Allos stated she was still unable to return to

the office full time because it caused "low energy, headaches, and mask issues." Pinder again requested his client be permitted to work entirely remotely. After more negotiations, the parties agreed Allos would increase her in office time to 25 hours a week, and she could either work in office the remaining 15 hours or take vacation time. In addition, Allos would transition to full time in-office work on January 3, 2023. If she failed to do so, the district would place Allos on administrative leave.[4] On February 21, 2023, Allos submitted a request for retirement on June 5, 2023.

PUSD filed its motion for summary judgment on December 7, 2023. PUSD asserted it was entitled to a judgment in its favor because (1) Allos could not show she had a disability to support her claims under FEHA, (2) PUSD was immune from liability under section 855.4 because all of Allos's claims arose from its decisions concerning mitigating the spread of an infectious disease, and (3) Allos could not establish her voluntary retirement was an adverse employment action. PUSD requested summary adjudication in the alternative.

PUSD also submitted a separate statement of undisputed facts that was supported by evidence exchanged during discovery (including the interactive meeting records, excerpts from Allos's deposition, and notes from Dr. Salada's practice) and the declaration of Dr. Darius Schneider, an internal medicine physician. Dr. Schneider stated he had reviewed Allos's

---

[4] In support of her opposition to the motion for summary judgment, Allos submitted another letter from Dr. Salada's office, dated July 6, 2022, advising that Allos should be permitted to continue to work at home because "[s]he is in the substantial risk age group if she were to contract SARS;" "[s]he lives at home with an elderly parent that is also substantial risk for SARS hospitalization and death;" and "[s]he would be more protected working in the safety of her home rather than in office with personnel that are no longer required to wear mask."

medical records and concluded she did not have a severe allergy to the Tdap vaccine. He also indicated that nothing in Allos's medical history suggested "she had an allergy to a COVID-19 vaccine, any ingredient in the vaccine, or that she should not receive one for any reason." According to Dr. Schneider, Dr. Salada documented that Allos was not vaccinated for COVID-19 because Allos refused the vaccine, not because of a contraindication that she had a vaccine allergy.[5] Dr. Schneider also opined that Allos's "mild reaction to the Tdap vaccine does not constitute a functional impairment and does not rise to the level of a disability."

Allos opposed the motion for summary judgment. In her briefing, she asserted she had "multiple disabilities which render her very susceptible to hospitalization or death if she contracts COVID-19." Allos explained she "had allergies to several substances including a prior serious reaction/allergy to a Tdap vaccine and an entirely reasonable fear that she had an allergy to the COVID-19 vaccine. Additionally, she had become responsible for the care of her elderly mother who has a dementia disability and lives at home with

---

[5] Dr. Schneider further explained: "The Pfizer-BioNtech and Moderna COVID-19 vaccines are FDA approved mRNA vaccines. This type of vaccine uses the body's own cell machinery to produce antigens for certain pathogens. Those who are opposed to an mRNA vaccine may decide to receive the Johnson & Johnson viral vector COVID-19 vaccine. This type of vaccine uses a modified version of the virus as a vector to provide protection. The Tdap vaccine is neither an mRNA nor viral vector vaccine, and does not contain compounds usually found in 'classic vaccines.' [¶] The Centers for Disease Control has indicated that even if an individual has had an allergy to any vaccine in the past, there is no medical basis to avoid the COVID-19 vaccine. No other vaccines are similar to the COVID-19 vaccine. The only precaution recognized by the Centers for Disease Control is when a patient has a documented allergy to polysorbitol or ethylene glycol, neither of which Plaintiff has."

[Allos.]" Allos's opposition did not address PUSD's assertion that her claims were barred by section 855.4.

In its reply in support of the motion, PUSD again argued that section 855.4 precluded Allos's claims entirely and asserted that granting the motion on this basis was appropriate because Allos had not addressed the issue in her opposition brief. PUSD also argued Allos had failed to present any evidence to support her assertions that she was disabled, or that her retirement constituted an adverse employment action.

The day of the motion hearing, the trial court issued a tentative ruling indicating its intent to grant the motion. At the hearing, the parties argued their positions. Allos's counsel asserted that because section 855.4 was in conflict with FEHA and the Labor Code provisions under which Allos brought her claims, section 855.4 was inapplicable. Allos's counsel also argued that all of Allos's essential job functions could be performed at home. In addition, he stated that the district's decision to engage in an interactive process with Allos was proof that PUSD regarded her as disabled.

In response to Allos's counsel's arguments, PUSD's attorney stated that section 855.4 was applicable, and Allos's failure to address the argument in her opposition brief supported granting the motion for summary judgment on this basis. PUSD's counsel further asserted the district conducted multiple interactive meetings with Allos as she submitted new notes from her doctor to determine if she had a disability that required an accommodation, and in an effort to work with a long-time employee, not as an admission that she was disabled. Finally, counsel argued there was no evidence to support Allos's assertion that she was forced to retire because she was denied reasonable accommodation.

At the conclusion of the argument, the court confirmed its tentative ruling and granted PUSD's motion for summary judgment. The same day, the court issued a minute order explaining its ruling. The court found Allos's claims were barred by section 855.4. The court also found that, even if section 855.4 did not apply, Allos had failed to establish a triable issue of fact because she (1) had "not demonstrated she suffer[ed] from a protected disability that kept her from performing her job;" (2) could not perform all of her essential job functions remotely; and (3) had not experienced an adverse employment action. The court further found that Allos's claims for failure to provide a reasonable accommodation and failure to engage in an interactive process failed because, even though it was not required, PUSD provided Allos with six interactive meetings and "a variety of accommodations to lessen her risk of contracting COVID-19."

Thereafter, the trial court entered judgment against Allos and in favor of PUSD. Allos timely appealed.

DISCUSSION

I

*Legal Standards*

"In determining whether a summary judgment motion was properly granted, 'we review the trial court's decision de novo, applying the rule that "[a] defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail." ' " (*MacKinnon v. Truck Ins. Exchange* (2003) 31 Cal.4th 635, 641.) When analyzing a motion for summary judgment, "we follow the traditional three-step analysis. 'We first identify the issues framed by the pleadings, since it is these allegations to which the motion must respond. Secondly, we determine whether the moving party has established facts which negate the

11

opponents' claim and justify a judgment in the movant's favor.  Finally, if the summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable, material factual issue.' " (*Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967, 975 (*Shamsian*).)

In undertaking this analysis, " '[w]e construe the moving party's affidavits strictly, construe the opponent's affidavits liberally, and resolve doubts about the propriety of granting the motion in favor of the party opposing it.' [Citation.]  We are obligated to uphold the trial court's decision if it is correct on any ground, regardless of the reasons the trial court gave." (*Shamsian, supra*, 107 Cal.App.4th at p. 975.)  Further, " 'to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. ... [W]e may disregard conclusory arguments that are not supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 (*Champir*); see also *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.)

## II

### *Section 855.4 Immunity*

As discussed, the trial court found that section 855.4 provided immunity to PUSD for all of Allos's claims, requiring summary judgment. On appeal, Allos asserts this provision does not apply for various reasons, including that the district did not present evidence that its "policy was not to require employees to be vaccinated," and that the provision does not apply because it is "inconsistent with a mandatory duty" of PUSD under the FEHA and Labor Code statutes on which Allos bases her claims.  PUSD responds that Allos waived her argument by not presenting it in her briefing in

opposition to their motion, and also refutes each of Allos's substantive arguments.

Section 855.4 is part of the Government Claims Act (§ 810 et seq.). The Act's "purpose is 'assur[ing] ... judicial abstention in areas in which the responsibility for basic policy decisions has been committed to coordinate branches of government[,]' because '[a]ny wider judicial review ... would place the court in the unseemly position of determining the propriety of decisions expressly entrusted to a coordinate branch of government.' " (*Greenwood v. City of Los Angeles* (2023) 89 Cal.App.5th 851, 863 (*Greenwood*), quoting *Johnson v. State of California* (1968) 69 Cal.2d 782, 790.)

The Act " 'establishes the basic rules that public entities are immune from [noncontractual] liability except as provided by statute (§ 815, subd. (a)), [and] that public employees are liable for their torts except as otherwise provided by statute (§ 820, subd. (a)).' " (*Greenwood, supra*, 89 Cal.App.5th at pp. 857–858.) Section 855.4 "provides one such exception to a public entity's liability under … any other statute[]." (*Id*. at p. 858.) It provides in full: "(a) Neither a public entity nor a public employee is liable for an injury resulting from the decision to perform or not to perform any act to promote the public health of the community by preventing disease or controlling the communication of disease within the community if the decision whether the act was or was not to be performed was the result of the exercise of discretion vested in the public entity or the public employee, whether or not such discretion be abused. [¶] (b) Neither a public entity nor a public employee is liable for an injury caused by an act or omission in carrying out with due care a decision described in subdivision (a)." (§ 855.4.)

In response to Allos's arguments that section 855.4 does not apply to her claims, PUSD asserts that her claims are premised on its "decision not to

allow employees to work from home 100% of the time following the re-opening of schools during the COVID-19 pandemic." PUSD argues this policy choice falls squarely within the immunity afforded by the statute. PUSD also asserts that to the extent Allos's claims are based on its decisions regarding employee COVID-19 vaccine requirements, they are also barred by section 855.4.[6]

We agree with PUSD that to the extent Allos's claims are based on its decisions to allow employees to work from home and subsequently to require their return to in-office work, the claims are barred by the immunity afforded by section 855.4. (See *City of Los Angeles v. Superior Court* (2021) 62 Cal.App.5th 129, 144 ["By its plain language, section 855.4, subdivision (a) immunizes any 'decision' relating to the control of the communication of disease that is 'the result of the discretion vested in the public entity.' Such a 'decision' is immune, 'whether or not such discretion [was] abused.' Under subdivision (b), immunity attaches to any act or omission performed while carrying out such a decision, as long as the act or omission was performed with due care."].) Likewise, PUSD's decisions concerning vaccine requirements are also protected by this immunity. (*Ibid.*)

Critically, Allos's briefing contains no reasoned argument to explain how her claims fall outside the immunity afforded by section 855.4. Instead, Allos makes a series of arguments that are not supported by facts in the

---

6      As noted, PUSD also argues Allos waived any argument concerning section 855.4 in the trial court by failing to address the statute in her trial court briefing. Allos, however, did address the statute at the hearing on PUSD's motion for summary judgment and has briefed the issue in this court. Thus, the issue was not forfeited for purposes of appeal. (Cf. *Woodward Park Homeowners Assn., Inc. v. City of Fresno* (2007) 150 Cal.App.4th 683, 712 ["As a general rule, an appellate court will not review an issue that *was not raised* by some proper method by a party in the trial court."], italics added.)

record or any applicable legal authority. For this reason, we have no basis to reverse the trial court's finding that section 855.4 bars Allos's claims. (See *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 ["the obligation to support points with argument and citations to authority, requires more than simply stating a bare assertion that the judgment 'is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness' "].)

Allos first argues that the District "provides no admissible (or any) evidence that [its] policy was not to require employees to be vaccinated." However, as PUSD points out, Allos's own discovery responses admitted that PUSD did not impose a vaccine mandate. This admission conclusively established this fact. (See *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 48 (*Gelfo*) ["A judicial admission is a party's unequivocal concession of the truth of a matter, and removes the matter as an issue in the case."].)

Allos next argues the statute "does not immunize a public employer from liability stemming from a decision which is inconsistent with a mandatory duty of the employer." Allos further asserts "the District had many mandatory duties to [her] which it violated. These are the duties found in [FEHA] and the Labor Code, the violations of which are amply described in her civil complaint and in this brief." This argument is conclusory and provides no explanation of how PUSD's decisions were inconsistent with the duties PUSD allegedly violated. " ' "On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court. ... 'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore,

15

to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.' " ' " (*Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 379 (*Dinslage*).) Allos argument, thus, does not warrant reversal.

Similarly, Allos argues without legal citation or further explanation that "the lack of vaccinated employees in the workplace" was not "the only reason for the harm to her;" that section 855.4 "is designed to address common law claims such as negligence" and "has no role in interpreting the FEHA;" and that because FEHA is "interpreted liberally to effectuate its remedial purpose," it outweighs "the public policy of the obscure Section [ ] 855.4." These legally unsupported arguments also do not support reversal of the trial court's judgment. (See *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 [" 'This court is not inclined to act as counsel for … appellant and furnish a legal argument as to how the trial court's rulings in this regard constituted an abuse of discretion' [citation], or a mistake of law."].)

Allos's final two arguments concerning section 855.4 likewise are not supported by factual citations to the record or any legal authority. Allos baldly asserts PUSD's decisions are not shielded by section 855.4 because they were not carried out with due care, and that PUSD made no showing that its decision to not mandate vaccines was to " 'promote public health of the community by preventing disease or controlling the communication [sic] of the disease within the community.' " These unsupported arguments are not grounds for reversal. (See *Dinslage, supra,* 5 Cal.App.5th at p. 379 [It is not this court's role " 'to attempt to resurrect an appellant's case or comb through the record for evidentiary items to create a disputed issue of material fact.' "].)

16

III

Even if we were to conclude section 855.4 does not provide immunity to PUSD, Allos has also failed to meet her burden on appeal to show any triable issues of material fact.

A

*Disability Discrimination*

With respect to her FEHA claims, Allos first argues the trial court erred by concluding she did not have a disability.  Without providing any citation to the record, Allos asserts she is disabled because "[s]he has high blood pressure which affects her ability to tolerate mental stress in her life, what she can eat, driving and other normal living activities.  She is obese, which affects the major life activity of what foods and how often to eat, her ability to ambulate and her ability to exercise.  She also has allergies to various substances.  These are penicillin, amoxicillin, pertussis vaccine, Tdap vaccine, and she reasonably believes other vaccines such as the COVID-19 vaccine."  Allos also argues that even if she does "not have an actual disability within the meaning of FEHA, … the Defendant repeatedly regarded her as having one," which she asserts is sufficient for purposes of her claims.

"To qualify as a member of the protected class under FEHA, [Allos] must demonstrate h[er] impairment constitutes a disability according to the statutory definition." (*Gelfo, supra*, 140 Cal.App.4th at p. 47.)  "As disjunctively defined by FEHA, a person is 'physically disabled' if, among other things, the individual:  (1) Has a physiological condition that both (a) affects a specific bodily system and (b) limits a major life activity; (2) Has a 'record or history of' such a physiological condition; or (3) Is 'regarded or treated by' the individual's employer as having, or having had, any condition

17

that makes achievement of a major life activity difficult, or as having, or having had, a physiological condition that is not presently disabling, but that may become so." (*Id*. at p. 46, quoting § 12926, subd. (k)(1)(A), (B), (3), (4), (5).) "A physiological condition 'limits' a major life activity if it makes difficult the achievement of the major life activity. (§ 12926, subd. (k)(1)(B)(ii).) The term 'major life activity' is broadly construed, and includes physical and social activities and working. (§ 12926, subd. (k)(1)(B)(iii).)" (*Gelfo, supra*, 140 Cal.App.4th at p. 46.)

We agree with PUSD that Allos's disability discrimination claims fail because she has not presented any evidence that she has a qualifying disability. As the district points out, "[w]hether an employee is disabled is ultimately a question for the court" and "an employer is not bound to accept an employee's subjective belief that she is disabled." (*Hodges v. Cedars-Sinai Medical Center* (2023) 91 Cal.App.5th 894, 912–913 (*Hodges*).) Here, the evidence of Allos's claimed disability—outside of her own self-serving statements—consists of (1) health records indicating she had a reaction to a Tdap vaccine in 2012 consisting of "redness swelling and pain of upper arm, also some itching"; (2) health records showing she received a tetanus vaccination in 2007 and two doses of pneumococcus prophylactic vaccine in 2010 with no documented side effects; and (3) PUSD's expert testimony that a suspected or self-diagnosed allergy to vaccines does not amount to a disability.

None of these facts establish a qualifying disability within the meaning of FEHA. The fact that Allos had a minor reaction to a vaccine almost ten years before the COVID-19 vaccines were introduced does not show that her decision not to receive a COVID-19 vaccine was a disability. Further, no evidence in the record shows Allos was actually unable to get the vaccine.

Rather, the undisputed evidence, including the records from Dr. Salada's practice, is that she chose not to receive the vaccine because she was fearful of an allergic reaction. (See *Hodges, supra*, 91 Cal.App.5th at p. 909 ["Minor reactions to a vaccine cannot amount to a disability. (See [Cal. Code Regs., tit. 2, § 11065, subd. (d)(9)(B)] [excluding from definition of 'disability' those 'conditions hav[ing] little or no residual effects']."].) Further, Allos provides no explanation of how her alleged vaccine allergy interfered with her ability to work, other than to state she did not want to risk getting COVID-19 because of her own health risks and the possibility she would expose her elderly mother that suffered from dementia. This is not evidence of a disability. "Clearly, [Allos] *could* get vaccinated. At best, she chose not to due to risks of unspecified symptoms. Without evidence that these symptoms would be sufficiently burdensome or lasting to amount to a disability, there is no question of disability for a jury to consider." (*Hodges,* at p. 909.)

Further, in her briefing before this court, Allos does not provide a single citation to record evidence to support her contention that she is disabled. Rejection of her claims on this basis alone is warranted. (See *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011 [" 'The statement of any matter in the record shall be supported by appropriate reference to the record.' It is not the duty of a reviewing court to search the record for evidence on a point raised by a party whose brief makes no reference to the pages where the evidence can be found."].)

Allos also argues that PUSD "repeatedly regarded her as having [a disability], and [PUSD] has many records of her having one" because it engaged in six interactive meetings with her, and thus she is disabled within the meaning of FEHA. This argument, in addition to being unsupported by legal authority, lacks merit. Throughout the process, PUSD's officials made

19

clear to Allos they did not view her as disabled. Further, under section 12940, subdivision (n), PUSD was required to hold an interactive process in response to Allos's request for an accommodation. The district's decision to hold such meetings to evaluate her asserted disability and request for accommodation was not an admission she was disabled. We agree with the trial court that adoption of Allos's position would be contrary to public policy. As the trial court aptly stated, under Allos's "theory, employers would be incentivized to be less flexible with employees regarding their requests for accommodations." Such a result is contrary to the important policies behind California's disability discrimination laws. (See *Brown v. Los Angeles Unified School Dist.* (2021) 60 Cal.App.5th 1092, 1109 ["The purpose of the interactive process is to determine what accommodation is required."].)

B

*Failure to Accommodate & Engage in an Interactive Process*

Allos next argues that because she "has disabilities within the meaning of FEHA," PUSD was obligated to accommodate her request to work entirely from home. "The elements of a reasonable accommodation cause of action are (1) the employee suffered a disability, (2) the employee could perform the essential functions of the job with reasonable accommodation, and (3) the employer failed to reasonably accommodate the employee's disability." (*Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 373.) Judgment on this claim was proper because, as discussed, Allos failed to identify a triable material fact supporting her claim of a disability within the meaning of FEHA. Likewise, Allos's claim for failure to engage in an interactive process fails for the same reason. (See *Hodges, supra*, 91 Cal.App.5th at p. 913 [employer not "bound to engage in an interactive process with an

20

employee who claimed disability but was neither disabled nor regarded by the employer as being disabled"].)[7]

## C

### *Associational Discrimination*

Allos argues her claim for associational discrimination was wrongly dismissed, and that under *Castro-Ramirez v. Dependable Highway Express, Inc.* (2016) 2 Cal.App.5th 1028, PUSD was required to provide her requested accommodation of working from home full time. Under *Castro-Ramirez*, a claim for associational disability discrimination may lie where the plaintiff was subjected to an adverse employment action because of his or her association with a disabled person. (*Id*. at p. 1037.) *Castro-Ramirez* explicitly declined to decide whether the plaintiff had a viable claim for failure to accommodate based on his son's disability because he explicitly abandoned any such claim prior to appeal. (*Id*. at p. 1038.) The *Castro-Ramirez* court did express its view, however, that when "read in conjunction with other relevant provisions" of FEHA, section 12940, subdivision (m) "may reasonably be interpreted to require accommodation based on the employee's association with a physically disabled person." (*Id*. at pp. 1038–1039.)

PUSD argues, as it did in the trial court, that Allos cannot establish a claim for failure to accommodate based on associational discrimination because it offered Allos leave to care for her mother, and because Allos proffered no evidence that she suffered an adverse employment action as a result of her request for full-time remote work. On the second point, we agree. The undisputed evidence shows that although PUSD threatened to

---

[7] We also note that the record shows the district engaged in an extensive interactive process with Allos over the course of more than two years and offered her significant accommodations over that time.

place Allos on administrative leave if she did not return to the office on a full time basis by January 1, 2023, it never placed her on leave.

Instead, Allos voluntarily retired without any adverse consequence. Allos offered no *evidence* to rebut this fact in the trial court. She stated only in a conclusory fashion that she was "forced to resign from District employment because the District required that she return 100% of the time to a workplace that was unsafe for her." On appeal, Allos provides no argument concerning the existence of an adverse employment action nor does she offer any evidence to support this fact. Because there is no evidence that Allos was subjected to an adverse employment action, her claim for associational disability discrimination was correctly dismissed.[8]

## D

### *Retaliation*

Allos next argues that her retaliation claim under FEHA was not subject to summary judgment. Specifically, she argues she was retaliated against for requesting an accommodation to work from home entirely and that she was eventually constructively terminated. As discussed, the evidence does not establish that Allos was disabled—and thus, was not entitled to accommodations—and that she was not constructively terminated. In addition, contrary to Allos's conclusory assertion, PUSD was not required to provide Allos with the *specific* accommodation she requested. (See *Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 228 ["The employer is not obligated to choose the best accommodation or the accommodation the employee seeks. … As the Supreme Court has held in analogous

---

[8] We also note that Allos did not plead a claim for associational failure to accommodate under section 12940, subdivision (m) in her complaint. Rather, she asserted a claim for associational discrimination under section 12926, subdivision (o).

22

circumstances, an employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided."].) Accordingly, the trial court properly rejected Allos's claim that PUSD's decision not to allow full-time remote work constituted retaliation in violation of FEHA.

E

*Labor Code Violations*

Allos's assertion the trial court erred by granting PUSD's motion for summary judgment of her Labor Code claims is also without merit. Her sixth cause of action asserts a claim for violation of Labor Code sections 6400 and 6401. As Allos notes in her brief, Labor Code section 6400, subdivision (a) states, "Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein." Similarly, Labor code section 6401 states, "Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees."

Allos asserts, with no factual citation, that she "is at great risk of hospitalization or death if she contracts" COVID-19 and that because PUSD required her to work in the office where she had contact with other employees, she has a valid cause of action under these Labor Code provisions. Allos, however, provides no argument at all as to how the trial court erred by granting PUSD's motion with respect to this claim. Accordingly, we have no basis to reverse the court's ruling. (See *Dinslage, supra*, 5 Cal.App.5th at p. 379.)

23

Allos's seventh cause of action alleges PUSD violated Labor Code section 6310, which generally prohibits an employer from discharging or discriminating against an employee who "has made a bona fide oral or written complaint to the [Division of Occupational Safety and Health], other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative, of unsafe working conditions, or work practices, in their employment or place of employment, or has participated in an employer-employee occupational health and safety committee." (Lab. Code, § 6310, subds. (a), (b).) As with her assertions that PUSD violated Labor Code sections 6400 and 6401, Allos provides no argument addressing how the trial court's decision to grant PUSD's motion with respect to this claim was error. Instead, she asserts only that PUSD's "justifications for how it treated [her] after her complaints of an unsafe workplace are either unlawful or unconvincing." As with many of her other arguments, this conclusory assertion provides no basis to overturn the trial court's decision. (See *Champir, supra*, 66 Cal.App.5th at p. 597 [" 'we may disregard conclusory arguments that are not supported by pertinent legal authority' "].)

The same problem exists with respect to Allos's claim under Labor Code section 1102.5. "[S]ection 1102.5, is ' "California's general whistleblower statute." ' " (*Winston v. County of Los Angeles* (2024) 107 Cal.App.5th 402, 407.) "When first enacted in 1984, the whistleblower statute provided protection only for employees who reported suspected violations of law to outside government or law enforcement agencies. [Citation.] In 2014, the California Legislature amended [the law] to protect employees from retaliation against disclosure to 'a person with authority over the employee or another employee who has the authority to investigate,

24

discover, or correct the violation' as well as retaliation 'for providing information to, or testifying before, any public body conducting an investigation, hearing or inquiry.' 2013 Cal. Stats., ch. 577, § 5.5 (S.B. 666); ch. 732, § 6.5 (Assemb. B. 263); ch. 781, § 4.1 (S.B. 496)." (*Killgore v. SpecPro Professional Services, LLC* (9th Cir. 2022) 51 F.4th 973, 985.)

Allos asserts without any citation to the record that "[o]bviously, [she] has presented evidence demonstrating that her numerous complaints of workplace safety concerns, disability discrimination, of failure to accommodate her disability and failure to engage in a good faith interactive accommodation process were at least a contributing factor in the prohibited actions against her." Again, this conclusory assertion is insufficient to support reversal of the trial court's ruling. Allos cites no evidence demonstrating the district's justifications for requiring her to return to work were untrue or a pretext to retaliate against her and, as discussed, Allos failed to show she was forced to resign, or otherwise faced any adverse employment action. To the contrary, the evidence presented by PUSD established she was never demoted, disciplined, or terminated. Accordingly, Allos has not shown the trial court's ruling granting summary judgment was error.

## F

### *Evidentiary Rulings*

In the final section of her brief, Allos makes a general request for this court to rule on evidentiary objections she made in the trial court. As PUSD points out, however, the trial court explicitly overruled Allos's evidentiary objections. On appeal, Allos makes no reasoned argument concerning her specific evidentiary objections and provides no basis for us to reverse the trial court's ruling.

25

DISPOSITION

The judgment is affirmed. Respondent is awarded costs of appeal.


McCONNELL, P. J.

WE CONCUR:


DO, J.


KELETY, J.

Filed 7/7/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KHELOUD ALLOS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | D084062<br><br><br><br>(Super. Ct. No. 37-2022-00009917-CU-OE-CTL)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed June 24, 2025 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to:  All parties