Filed 1/16/26  Yogurt Time v. Office of Tax Appeals CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| YOGURT TIME LLC,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>OFFICE OF TAX APPEALS et al.,<br><br>　　　Defendants and Respondents. | A172144<br><br>(San Francisco County<br>Super. Ct. No. CPF24518653) |

**MEMORANDUM OPINION**

This is an appeal following the sustaining of a demurrer without leave to amend.  No reply brief has been filed.  We affirm.

Appellant Yogurt Time LLC filed a petition and writ proceeding against the California Department of Tax and Fee Administration (the Department) and the Office of Tax Appeals (OTA) challenging a January 23, 2023 decision by the OTA in two consolidated tax appeals from decisions by the Department partially denying Yogurt Time's petitions for redetermination of outstanding tax liabilities (see Gov. Code, § 15677). According to the petition's allegations, an audit commenced in 2011 that resulted in a notice of determination by the Department on July 23, 2012, that Yogurt Time owed $947,235 for an approximately three-year period (January 1, 2008, through March 31, 2011) (audit period 1) and a notice of determination on April 23, 2015, that Yogurt Time owed $378,370 for a later

1

three-year period (July 1, 2011, through June 30, 2014) (audit period two). Yogurt Time then appealed the Department's determinations to the State Board of Equalization (BOE), which made a number of adjustments reducing the deficiencies, but while the appeals were still pending the OTA (on March 30, 2018) informed Yogurt Time its appeal would be heard before the OTA instead of the BOE. Yogurt Time allegedly was required to resubmit all documents and materials to the OTA and in effect start over with the OTA, and the OTA subsequently rendered its decision in the appeals declining to make many of the adjustments the BOE had made. Yogurt Time alleges it is bringing suit "to challenge not only the determination of the [OTA decision] but also the procedure used in making its determination, and whether Appellant's rights were violated in the process."

Respondents explain without contradiction that as of January 1, 2018, the OTA became the successor to the BOE with regard to administrative tax appeals, at which point all pending appeals were transitioned to the OTA and the BOE was prohibited from taking any further action concerning them.

The trial court sustained a demurrer without leave to amend to Yogurt Time's complaint on the ground that Yogurt Time violated the "pay first" rule by bringing suit without having first paid the disputed tax. Yogurt Time now appeals the order sustaining the demurrer, and we affirm.

## DISCUSSION

"Among the most basic principles of appellate review are that a trial court's decision is presumed correct, and the appellant bears the burden of presenting argument and legal authority to demonstrate error thereby overcoming the presumption." (*Osborne v. Pleasanton Automotive Co., LP* (2024) 106 Cal.App.5th 361, 380-381.) To do this, " 'an appellant must supply the reviewing court with some cogent argument supported by legal analysis

2

and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 164.)  We disregard all factual statements in the parties' appellate briefs that are unsupported by a citation to the record (and here, Yogurt Time's brief consistently fails to cite the record).  (*Madrigal v. Hyundai Motor America* (2023) 90 Cal.App.5th 385, 408, fn. 14; see also *East Oakland Stadium Alliance v. City of Oakland* (2023) 89 Cal.App.5th 1226, 1240, fn. 5.)  In addition, "[m]ere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)  "The reviewing court is not required to develop the parties' arguments" for them.  (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.)  When an appellant fails to "convince us, by developing his arguments, stating the law, and calling out relevant portions of the record, that the trial court committed reversible error," the appellant has not demonstrated error.  (See *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)  That is true here.[1]

Because Yogurt Time did not allege it had paid the disputed tax liability before bringing suit,  the trial court correctly sustained the demurrer.[2]  Respondents cite *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1101, which explained that our state Constitution generally bars prepayment

---

[1] We will only consider those issues that are clearly identified in an argument heading of Yogurt Time's brief.  Any other arguments, wherever they may be located within the brief, are forfeited.  (See *United Grand Corp. v. Malibu Hillbillies, LLC, supra,* at p. 153; *Tsakopoulos Investments, LLC v. County of Sacramento* (2023) 95 Cal.App.5th 280, 309-310.)

[2] We presume the parties' familiarity with the legal principles governing a demurrer as well as our de novo review of an order granting a demurrer.

actions challenging tax determinations (*Loeffler,* at p. 1101, citing Cal. Const., art. XIII, § 32), and *Stettner v. Mercedes-Benz Financial Services, LLC* (2023) 98 Cal.App.5th 45, 53, which applied the "pay first" rule to bar a suit challenging the determination of sales and use taxes. Further, the trial court cited another decision by our Supreme Court explaining the pay first principle: "the sole legal avenue for resolving tax disputes is a *postpayment* refund action. A taxpayer may not go into court and obtain adjudication of the validity of a tax which is due but not yet paid." (*State Bd. of Equalization v. Superior Court* (1985) 39 Cal.3d 633, 638, italics added.)

The pay first rule is one of longstanding and constitutional in origin. As Division Five of this court described it, " 'A taxpayer ordinarily must pay a tax before commencing a court action to challenge the collection of the tax. This rule, commonly known as "pay first, litigate later," is well established and is based on a public policy reflected in the state Constitution, several statutes, and numerous court opinions.' [Citation.] Section 32 [of article XIII of the California Constitution] provides: 'No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature.' This constitutional provision establishes that 'the sole legal avenue for resolving tax disputes is a postpayment refund action. A taxpayer may not go into court and obtain adjudication of the validity of a tax which is due but not yet paid. [¶] The important public policy behind this constitutional provision "is to allow revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted." [Citation.] "The fear that persistent interference with the collection of public

4

revenues, for whatever reason, will destroy the effectiveness of government has been expressed in many judicial opinions." ' " (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) Yogurt Time quotes the constitutional provision by citing the trial court's decision quoting it. However, it does not discuss any of the case law cited by respondents or the trial court. We do not understand Yogurt Time's opening brief as contesting the pay first rule.

Its opening brief indirectly addresses the omission from its pleading of any allegation that it paid the disputed taxes in less than a page, and its argument is unpersuasive. Supported by no legal analysis or citation to any legal authority, Yogurt Time asserts only that it paid the assessed tax deficiencies in September 2024 and contends it was not required to pay the penalties or interest in order to seek judicial review.

But as respondents point out, and by Yogurt Time's own admission, it made that payment on a date that was a year *after* it filed its petition in superior court. Respondents argue that a party may not circumvent the pay first rule by paying the taxes *after* (indeed a year after) filing suit. Yogurt Time failed to file a reply brief or otherwise respond to respondents' argument that paying the taxes *after* filing suit does not suffice and has thus conceded the point.

This leaves only the question whether leave to amend should have been granted. "[I]t is an abuse of the trial court's discretion to sustain a demurrer without leave to amend if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action. [Citation.] To prove such abuse of discretion, however, the plaintiff must demonstrate how the complaint can be amended. [Citation.] While such a showing can be made for the first time to the reviewing court [citation], it must be made." (*Smith*

5

*v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.) Yogurt Time has failed to make such a showing.

Its sole argument is that granting leave to amend will not cause any prejudice to respondents (because collection efforts have already commenced and respondents have not responded to its request for a refund). But even if we accept this "lack of prejudice" argument, Yogurt Time has failed to demonstrate that it can legally state facts sufficient to cure the pleading defect. That is, it has made no argument, supported by legal analysis and citation to legal authority, demonstrating that it can allege facts sufficient to show it has satisfied the "pay first" rule by paying the taxes after filing the suit. Like its argument on the merits, its leave to amend argument is devoid of any discussion of this issue. Nor did it respond to respondents' argument that it cannot amend to allege it paid the taxes before it filed suit, and alleging it did so afterward will not satisfy the pay first rule or, therefore, cure the defect in its pleading. Yogurt Time failed to respond to that argument, either. That alone is reason to reject Yogurt Time's argument that leave to amend should be granted.

In addition, respondents dispute Yogurt Time's unsupported assertion that it was *not* required to pay the outstanding penalties to satisfy the pay first rule. They argue Yogurt Time cannot allege it has paid the outstanding tax in full because it has not paid all penalties that have been assessed, citing authority holding that penalties are part of the tax liability that must be paid before bringing suit. (See *Rickley v. County of Los Angeles* (2004) 114 Cal.App.4th 1002, 1012-1015.) Again, Yogurt Time has not provided contrary authority and has thus conceded that payment of the penalties, as well as the taxes, was required as a prerequisite to filing suit.

6

Because Yogurt Time has not persuaded us that the relief sought in this lawsuit is not barred by California Constitution, article XIII, section 32, we need not address whether dismissal was also justified by appellant's failure to exhaust administrative remedies.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs.

STEWART, P. J.


We concur.


RICHMAN, J.


DESAUTELS, J.


*Yogurt Time, LLC v. Office of Tax Appeals et al.* (A172144)